Jack Stanislaw, J.
Relying on a contractual two-year period of limitation defendant Associated Hospital Service of New *161 York (“AHS”) moves for summary judgment dismissing the complaint.
Huggins, the plaintiff, was hospitalized from May 9 to May 16 and August 20 to August 28 in 1962. Her demand for hospital service benefits was refused and she brought this action to recover them. Noting that the action was commenced November 29, 1965 defendant claims that it was brought too late according to the terms of article XI(D) of its contract which prescribes that an action “for any claim [be] brought within two years from the date of the subscriber’s discharge from the hospital.”
There is no question of the contractual untimeliness of the action. But Huggins postulates that AHS is estopped from asserting the limitation or at the very least that the presence of the claim of estoppel presents a triable issue which overcomes defendant’s motion.
The relevant background on this issue of estoppel starts with the hospitalization of August 20-28, 1962. Although the May, 1962 hospitalization is frequently alluded to by both sides the complaint specifies otherwise and we must restrict our consideration to the August stay and its ramifications.
On November 21, 1962 AHS informed plaintiff that it had determined her claim to be beyond its coverage. Well over a year later, on April 29, 1964, plaintiff’s attorneys wrote defendant regarding its denial of coverage of the August, 1962 hospital bill. On May 12, 1964, about two weeks later, AHS replied. It affirmed its denial of benefits but suggested plaintiff’s physician be contacted. If his medical opinion was at odds with defendant’s quasi-medical determination it would accept his clarifying statement and review the case again. A physician’s letter was then forwarded by plaintiff together with a request for review and favorable determination thereon. Then, on December 28, 1964, AHS acknowledged its review of plaintiff’s records but again declined to afford coverage. That is where matters stood when Huggins brought this action about eleven months later.
The narrow question before us is whether defendant acted in such a way as to mislead plaintiff, by acts or words upon which she reasonably relied to her ultimate detriment (Hover v. Claverack Grange No. 934, 46 Misc 2d 113). This in turn depends upon what the defendant actually did and whether that doing inequitably eased plaintiff past the time limitation set forth in her contract (Robinson v. City of New York, 24 AD 2d 260).
*162 Undoubtedly, if AHS had gone no further than its rejection of claim in November, 1962 Huggins would now be out of luck. But then, assuming the expiration of the period within which to bring suit on August 28, 1964 (two years after plaintiff’s discharge from the hospital), defendant indicated in response to further inquiry in April, 1964 that it would “ review r> the matter upon presentation of a doctor’s opinion contrary to its own. That statement was thus received at least a month before the end of the lawsuit time, but determination upon the assured review forwarded five months later and some four months past the end of the two-year limitation. It is true enough that the position of AHS was consistently that the claim had been rejected, but that is not the whole picture. Granted the delay in asking for review the fact remains that defendant indicated that it would review on further information which was thereafter provided before time ran out.
In considering whether plaintiff was misled by misplaced reliance on review we are faced with something slightly more subtle than the continuing or final consistency of defendant’s position. As a practical matter we cannot visualize plaintiff doing other than awaiting the results of that review, once she had complied with the prerequisites for it. The review was, as defendant correctly notes, entirely gratuitous and plaintiff might reasonably be expected to await its outcome before becoming involved in a lawsuit. Assuming the review conducted in good faith, how may the statement of its availability be rationalized other than as an inertia-inducing factor vis-a-vis the plaintiff? The point is that Huggins could rely upon the offered review with some justification, and in so doing be unnecessarily and inequitably carried past the end of the period within which she was required to sue.
The motion is denied.