ALBINO LINOLEUM & CARPET SERVICE, INC., Appellant, v. UTICA FIRE INSURANCE COMPANY et al., Respondents.— Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: In this action to recover under a fire insurance policy for loss by reason of business interruption resulting from a fire in plaintiff's premises on October 15, 1964, it appears that before suit was brought defendants-respondents paid to plaintiff-appellant its loss with respect to the building and contents, and did not deny liability for some business interruption loss, the only question being the amount thereof. In December, 1964 plaintiff filed a proof of business interruption loss "subject to revision" in the sum of $20,000. Defendants' agent Stratton in January, 1965 rejected it as "not supported by evidence". In March, 1965 after a conference between plaintiff's president, its accountant and Mr. Stratton, plaintiff filed a revised claim for $12,836. By letter of May 19, 1965 Stratton rejected this claim on the ground that plaintiff was required by the policy to minimize loss by resumption of business, at least in part, and said, "I think this is the basic difference of opinion with respect to the complete claim as presented". Apparently defendants had already advised plaintiff of the amount which they thought plaintiff should receive, because Stratton concluded his letter by writing, "I believe that when this fact is realized by you, you will understand our offer to you has been a fair representation of your claim." By letter of May 27, 1965 plaintiff resubmitted to defendants its claim in the reduced amount of $7,781. By letter of July 14, 1965 Stratton countered that claim by offering to plaintiff the sum of $4,044, setting forth at some length the manner of its computation. Although Stratton asserts that at no time thereafter did he indicate to plaintiff that defendants would be interested in paying more than such offered amount, plaintiff's president avers that after receiving such offer he had many telephone conversations with Stratton in an effort to "reconcile the difference" between the last demand and the offer, and that thereafter at Stratton's request plaintiff wrote to Stratton on September 14, 1965 setting forth his arguments in favor of its demand; and plaintiff asserts that Stratton agreed to discuss them with defendants and reply to plaintiff. On October 8 plaintiff sent a follow-up letter to Stratton requesting a reply; and before and after that date, plaintiff asserts, its secretary telephoned Stratton for a reply and he answered that he was waiting to hear from his principals, the defendants. On October 14 Stratton sent a letter to plaintiff rejecting plaintiff's claim "as presented on September 14". This letter was received by plaintiff on October 15, the last day of the one-year period following the fire, the time limited by the policy in which to commence legal action on a claim thereunder. Plaintiff's secretary makes affidavit that on October 18 she called Mr. Stratton on behalf of plaintiff and advised him that plaintiff would accept defendants' offer of $4,044, and that Stratton then advised her that since one year had expired since the date of the loss, he had closed his file on the case and defendants would pay nothing. On these facts plaintiff instituted this action, to which

defendants interposed answer and moved under CPLR 3212 for summary judgment dismissing the complaint and for judgment for the defendants upon the ground that the action was not begun within one year after the loss as provided in the policy. In response to the motion plaintiff contends that defendants waived such time limit and should be estopped to raise the defense. We find that a question of fact exists as to whether defendants' conduct was such as to lull plaintiff into refraining from instituting action under the policy, so as to estop defendants from raising the defense of the time limitation specified in the policy (*Triple Cities Constr. Co.* v. *Maryland Cas. Co.*, 4 N Y 2d 443; *Syracuse Light Co.* v. *Maryland Cas. Co.*, 226 N. Y. 25; *Mass* v. *Great Amer. Ins. Co.*, 28 A D 2d 897); and that it was error for Special Term to grant the motion for dismissal of the complaint (*Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395, 402–404). (Appeal from order and judgment of Onondaga Special Term dismissing complaint in action on insurance policies.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.