PASMEAR INN, INC., Respondent, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD. et al., Appellants.— Order affirmed, with costs. Memorandum: There is a sufficient factual basis upon which a jury may determine that the conduct of the defendants' adjuster lulled plaintiff into believing that his claim would ultimately be processed and that reliance on this sense of security caused a forebearance to sue. Plaintiff's admitted lack of knowledge as to the existence of the 12-month limitation period is not inconsistent with this conclusion. A finding of estoppel rests upon proof of reliance and forebearance to sue, which factors may be present even absent knowledge that a deadline is superimposed upon plaintiff's judicial remedy. All concur, Moule, J., dissents and votes to reverse the order, grant the motion, and dismiss the complaint, in the following memorandum: On November 23, 1970 a building owned by plaintiff and rented to a third party was damaged by fire. The rental value of the premises was insured by two policies, one issued by each of the defendants, with a total face value of $13,000. Pursuant to subdivision 6 of section 168 of the Insurance Law, both policies contained clauses which required a suit brought on the policy for recovery of any claim to be commenced within 12 months of the loss. Plaintiff's attorney wrote a letter dated December 7, 1970 to defendant insurance companies requesting settlement negotiations with an adjuster. As a result, such negotiations between plaintiff and General Adjustment Bureau, Inc., representing both defendants, were instituted. The only evidence of these negotiations is a letter dated March 29, 1971 in which the adjuster offered to pay $6,200.70. Plaintiff believed that it suffered a loss in excess of $13,000 and, therefore, was unwilling to settle the entire claim for $6,200.70. Since plaintiff needed funds for construction, on April 2, 1971 it suggested that defendants pay the $6,200.70 and allow plaintiff to reserve its rights to any balance due on the policies. Plaintiff admitted that defendants refused this offer and stated that they would only pay the $6,200.70 if a full release was signed by plaintiff. There was no further communication between the parties until September 14, 1971 when plaintiff telephoned the defendants' adjuster to seek the resumption of negotiations. The adjuster allegedly said that he would obtain the file and respond, but no response was forthcoming. On June 6, 1972 plaintiff commenced this action. It is undisputed that the 12-month limitation runs from the date of the fire and expired on November 23, 1971 (*Proc* v. *Home Ins..Co.*, 17 N Y 2d 239). Therefore, unless there are facts which might warrant a finding of a waiver or estoppel, the action should be dismissed. In order for a waiver or estoppel to exist, plaintiff must show that it relied on some conduct of defendants (*Rosenthal* v. *Reliance Ins. Co.*, 25 A D 2d 860). Apparently, the majority finds that such reliance may exist because defendants made a settlement offer approximately eight months before the limitation ran. Following this offer, there were no negotiations except for the phone call of September 14, 1971, and it should have been apparent to plaintiff that, unless negotiations were resumed, a lawsuit would be necessary. A further factor indicating that plaintiff did not forestall bringing the action because of reliance on any conduct of defendants was that neither plaintiff's president nor its attorney knew of the one-year limitation in the contract. It seems that, if they had known of this provision, they would not have failed to bring suit because a settlement offer made eight months prior to the expiration date. This is not a case of the defendants lulling the plaintiff into a sense of false security but of the plaintiff sleeping on its rights. (*Proc* v. *Home Ins. Co.*, 17 N Y 2d 239, 246, *supra*; see *Fotochrome, Inc.* v. *American Ins. Co.*, 23 N Y 2d 889; *Triple Cities Constr. Co.* v. *Maryland Cas. Co.*, 4 N Y 2d 443, 448; *Kaehler* v. *Phoenix Ins. Co.*, 38 A D 2d 683; *Rosenthal* v. *Reliance*

*Ins. Co., supra*; *Huggins* v. *Associated Hosp. Serv. of N. Y.*, 53 Misc 2d 160.) (Appeal from order of Monroe Special Term denying motion to dismiss complaint in action on insurance policies.) Present — Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.