■ DRESSERVILLE FARMS, INC., Appellant, v FIREMEN'S INSURANCE COMPANY, Respondent, et al., Defendants.—Order reversed with costs and motion denied. Memorandum: In this action to recover upon a policy of fire insurance issued by defendant-carrier, plaintiff appeals from an order of Special Term which granted defendant's motion for summary judgment dismissing the complaint. Plaintiff, engaged in operating an animal milk-fed veal business, on July 17, 1974 secured from defendant a policy of insurance against loss of its animals due to fire. On October 8, 1974 plaintiff sustained a loss of 320 veal calves allegedly caused by fire insured against under defendant's policy. Thereafter on January 7, 1976, following unfruitful settlement negotiations, plaintiff commenced the instant action for recovery of its loss under the policy of insurance. By its answer defendant asserted as a separate and complete defense the failure of plaintiff to commence its action "within 12 months after discovery by insured of the occasion giving rise to the alleged claim" as provided in the policy of insurance (see, also, Insurance Law, § 168, subd 6). Following joinder of issue defendant moved for summary judgment, based upon the pleadings and supporting affidavit of

its counsel. In opposition plaintiff submitted an affidavit of its president relating the chronology of extended settlement negotiations, during the course of which various settlement offers were made by defendant and rejected by plaintiff. In addition, acknowledgment of liability on behalf of defendant by its representatives during the course of settlement negotiations "subject only to agreement on or proof of damages" is alleged. There is no allegation that during the course of settlement negotiations defendant reserved its contractual right to assert the policy-contained time limitation for commencement of suit. The main thrust of plaintiff's opposition is, therefore, waiver and estoppel on the part of defendant to assert the time limitation provision. In such posture, Special Term's order granting summary judgment dismissing plaintiff's complaint was in error. The sole question raised on this appeal is, assuming plaintiff's allegations to be true as we must on a motion for summary judgment, whether the record is sufficient to raise a triable issue of fact as to defendant's waiver and estoppel. We find that there is sufficient factual basis upon which a jury could determine that the conduct of defendant's representatives lulled plaintiff into believing that its claim would be ultimately settled and that the 12-month policy limitation provision for commencement of suit would not be asserted by defendant rendering summary judgment inappropriate (*Cavalier v General Acc. Fire & Life Assur. Corp.*, 45 AD2d 816; *Pasmear Inn v General Acc. Fire & Life Assur. Corp.*, 44 AD2d 647; *Albino Linoleum & Carpet Serv. v Utica Fire Ins. Co.*, 33 AD2d 638). All concur, except Marsh, P.J. and Moule, J., who dissent and vote to affirm the order upon the opinion at Special Term, Lynch, J. (Appeal from Order of Cayuga Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.