■ JOHN J. McGOEY, Respondent, v INSURANCE CO. OF NORTH AMERICA, Appellant.—In an action upon an insurance policy, defendant appeals from an order of the Supreme Court, Westchester County, dated June 24, 1976, which denied its motion to dismiss the complaint upon the ground that the action had not been timely commenced. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. On November 20 or 21, 1974 plaintiff-respondent's premises were damaged by acts of vandalism and malicious mischief. More than one year later, in February, 1976, plaintiff commenced this action on the insurance policy issued by defendant-appellant. In his complaint plaintiff alleged that he duly performed all of the conditions of the said policy and that defendant failed to pay the loss sustained. Defendant, in its answer, alleged, inter alia, as an affirmative defense, that the action was barred by a provision in the policy which states: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after inception of the loss." Based upon this provision, defendant moved to dismiss the complaint. Plaintiff opposed the motion claiming the existence of a triable issue of fact as to whether defendant is estopped from asserting the time limitation as a defense. Plaintiff inter alia contends that he was told many times by parties representing defendant that his claim was being investigated and his file reviewed; that his claim was never rejected; and that, if defendant meant to deny liability, then it misled him by continuing the investigation and claiming it required an examination under oath. We are of the opinion that the affidavits submitted by plaintiff are insufficient to raise a triable issue, either on a claim that the defendant waived the limitation provision or that defendant should be estopped from asserting it. The record indicates that defendant, by letter dated March 27, 1975, "expressly reserved" its rights under the policy. Throughout the period preceding commencement of this action, it appears that it was plaintiff rather than defendant who was genuinely interested in a settlement. Defendant never made an offer to plaintiff. Plaintiff's affidavit indicates that he made telephone calls to defendant which went unanswered. As early as December 27, 1974 plaintiff was advised that there was a question of whether items for which he sought recovery were covered under the policy. Finally it appears that plaintiff knew or should have known that there was a 12-month limitation on his right to sue. We hold that plaintiff was neither misled nor lulled into inactivity by defendant's conduct (cf. Proc v Home Ins. Co., 17 NY2d 239; Fotochrome v American Ins. Co., 26 AD2d 634; Rosenthal v Reliance Ins.

*Co.,* 25 AD2d 860). Accordingly, since plaintiff commenced his action after the limitation period, defendant is entitled to a dismissal of the complaint. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.