■ LYNN H. CARDINALE et al., Appellants, v GENESEE VALLEY MEDICAL CARE, Also Known as BLUE SHIELD, Respondent. — Order reversed, with costs, and defendant's motion denied. Memorandum: In granting defendant summary judgment dismissing the complaint, Special Term ignored the existence of a factual issue as to whether defendant waived its right to assert that plaintiffs' claim is time barred by a course of conduct which may have "lulled plaintiff[s] into believing that [their] claim would ultimately be processed and that reliance on this sense of security caused a forebearance to sue" (*Pasmear Inn v General Acc. Fire & Life Assur. Corp.*, 44 AD2d 647). The undisputed facts are these. Plaintiffs transferred their medical policy from coverage under Lynn Cardinale's employer to a group policy in effect with Alan Cardinale's employer. They were directly billed for $82.63 for interim coverage during the

period August 15 to September 23, 1980. Plaintiffs paid that amount. Before the policy with Alan Cardinale's employer took effect, he terminated his employment and the policy was transferred back to group coverage with Lynn Cardinale's employer on or about September 13, 1980. Defendant was timely notified of this second transfer and subscriber cards were issued in Lynn Cardinale's name. Plaintiffs requested but did not receive a bill for coverage during the interim period from September 23 to November 15, 1980, at which time the second transfer became effective. Defendant now claims that the policy was not in effect for that period. In making that claim, however, it does not dispute the fact that the nonpayment resulted from its own billing error and that no notice of cancellation was sent to plaintiff. Lynn Cardinale underwent surgery on May 23, 1981, for which she submitted claims to defendant. Her initial claim was approved but she was later advised that her remaining expenses were not covered as the surgery related to a pre-existing condition which defendant asserted arose during the brief period in which coverage was not in effect. Plaintiffs and their counsel had a number of meetings with defendant's account executive, Linda Rumiano, who requested additional documentation from Alan Cardinale's former employer, and a check in payment of coverage for the disputed period. When those were supplied, Rumiano advised that the claim would be submitted to defendant's "reinstatement committee" with her recommendation that the claim be approved. On May 18, 1982, five days prior to expiration of the one-year period provided in the policy for commencement of an action, plaintiffs' counsel received a letter from defendant advising that the claim for reinstatement had been rejected and that Lynn Cardinale would receive a formal rejection letter from the committee. By affidavit, Lynn Cardinale asserts that she has never received a rejection letter from defendant and, in addition, that she has never received a copy of the policy. Consequently, she denies having notice of the one-year Statute of Limitations. In this regard, she notes further that, although a brochure which she was furnished by Blue Shield contains such limitation under its major medical plan, there is no similar limitation in that portion of the brochure which deals with basic benefits, the portion of the policy under which she claims. Assuming plaintiffs' allegations are true, as we must, there is an adequate factual basis from which a jury could determine that the conduct of defendant's representative lulled plaintiffs into believing that their claim would be settled and that the limitation period in the policy would not be asserted. This is sufficient to raise a triable issue as to whether defendant should be estopped from asserting the 12-month limitation period in the contract (*Dresserville Farms v Firemen's Ins. Co.*, 54 AD2d 1118, 1119; 3 Richards, Insurance [5th ed], § 557). We note further that a factual question is presented as to whether plaintiff had adequate notice of the shortened period of limitations. Parties may, of course, by written agreement shorten the statutory period for commencement of an action. However, if such condition is a term of an insurance contract, the insured must be made aware of it. Where, as here, the insurer seeks the benefit of a period of one sixth of the statutory time for commencing an action, it is incumbent upon it to show that the insured knew or should have known of such limitation; otherwise it runs the risk of being estopped from asserting it (see *Aarons Fifth Ave. v Insurance Co. of North Amer.*, 52 AD2d 855; *Conte v Yorkshire Ins. Co. of N. Y.*, 5 Misc 2d 670, 672; *Clark v Union Mut. Life Ins. Co.*, 692 F2d 1370; *Godwin v Continental Ins. Co.*, 436 F2d 712, 714). All concur, except Hancock, Jr., J. P., and Moule, J., who dissent and vote to affirm, in the following memorandum.

Hancock, Jr., J. P., and Moule, J. (dissenting). We do not agree that plaintiffs have presented any factual basis from which a jury could determine that defendant's conduct lulled them into believing that the limitation period would

not be asserted. Plaintiffs rely on several cases where defendant insurers waited until *after* the expiration of the applicable limitation period to deny submitted claims (see *Dresserville Farms v Firemen's Ins. Co.,* 54 AD2d 1118, 1119; *Pasmear Inn v General Acc. Fire & Life Assur. Corp.,* 44 AD2d 647; *Huggins v Associated Hosp. Serv. of N. Y.,* 53 Misc 2d 160). Defendants' conduct in these cases was found to raise a triable issue of fact as to whether they should be estopped from asserting the contractual limitation period. The facts of this case are, however, distinguishable from the cases relied upon by plaintiffs. Here, plaintiffs' claim was finally rejected *prior* to the running of the one-year limitation period. Moreover, a substantial part of the delay involved in obtaining a final decision from defendant's reinstatement committee must be directly attributed to plaintiffs' attorney. While the information requested by defendant was forwarded to plaintiffs' attorney by Alan's former employer in a letter dated March 10, 1982, it was inexplicably not forwarded to defendant until April 27, 1982. Furthermore, defendant's reinstatement committee denied the claim on May 14, 1982. The decision was received by plaintiffs' attorney on May 18, five days prior to the expiration of the limitation period, but an action was not commenced until July 15, 1982. Considering the facts of this case, defendant's conduct was not inequitable and defendant should not be estopped from asserting the one-year limitation period as a defense. Plaintiffs also contend that the contractual reduction of the Statute of Limitations is unenforceable. This contention is without merit. "Parties by written agreement may provide a shorter time for the commencement of an action than is prescribed by statute (CPLR 201) provided that it is reasonable (*Planet Constr. Corp. v Board of Educ. of City of N. Y.,* 7 N Y 2d 381, 385)" (*Stanley R. Benjamin, Inc. v Fidelity & Cas. Co. of N. Y.,* 72 Misc 2d 742, 743). While such agreements are strictly construed against the party invoking them (see, e.g., 2 Carmody-Wait 2d, NY Prac, § 13:6), plaintiffs do not allege that the limitation is either unreasonable or ambiguous. Moreover, this court has previously upheld the same limitation period which is at issue here (*Robischon v Genesee Val. Med. Care,* 92 Misc 2d 854, affd 65 AD2d 681). Plaintiffs further contend that, due to their never having received a copy of the contract, they were unaware of the one-year period of limitation. Plaintiffs do not dispute the fact that they received a letter with two attached brochures describing changes in their policy as of May 15, 1980. One of the brochures, describing benefits under the policy's major medical rider, specifically provides that "[n]o action at law shall be brought hereunder against [Blue Shield] unless commenced within twelve months from the date when services were rendered." The letter accompanying the brochures states that the brochures merely summarize the benefits provided, that the terms of the contract are controlling, and that additional copies of the contract and rider may be obtained from defendant's office. Plaintiffs do not allege they ever requested a copy of their contract from defendant and are unable to cite any authority for the proposition that, absent actual receipt of the contract, the contractual reduction of the Statute of Limitations is unenforceable. This situation is, however, analogous to *McGoey v Insurance Co. of North Amer.* (57 AD2d 945) where the court stated that "it appears that plaintiff knew or should have known that there was a 12-month limitation on his right to sue." Here, the brochure listing the 12-month limitation period and the accompanying letter from defendant indicate that plaintiffs knew or should have known of the 12-month limitation on their right to sue. Accordingly, plaintiffs have failed to present any evidence raising a triable issue of fact and, hence, summary judgment was properly granted (see, e.g., *Andre v Pomeroy,* 35 NY2d 361; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). (Appeal from order of Supreme Court, Seneca County,

Kennedy, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.