■ AMPOWER SEMICONDUCTOR CORP., Respondent, v AMERICAN MOTORISTS INSURANCE Co., Appellant.—Judgment of the Supreme Court, New York County (Francis N. Pecora, J.), entered on December 19, 1988, which, following a jury trial, awarded plaintiff the sum of $661,459.37, is unanimously affirmed, with costs and disbursements.

In 1976, defendant's agent solicited plaintiff's insurance account. In response to plaintiff's desire for complete coverage, defendant produced a comprehensive policy. In that regard, it issued a booklet entitled "Kemper Comprehensive Policy" containing a two-year limitation of suit clause. A second folder bore the obscure label "HPR Department". While this is not at all clear, the "Kemper Comprehensive Policy" apparently covered only fire loss and business interruption. The various insurance forms bundled together in the "HPR" folder included water damage loss in connection with which there was a one-year limitation of suit clause. On July 17, 1978, plaintiff's premises and merchandise suffered water damage due to flooding. Plaintiff notified the insurance agent who, in turn, sent a representative to inspect the premises. A claims representative for defendant, William Parish, also visited the premises.

On July 19, 1978, after defendant's agent had informed plaintiff that it was covered for the loss, the agent filed a property loss statement with defendant. The loss notice was reported under the "Kemper Comprehensive Policy". However, a notation on the statement referred to "HPR". In fact, Parish also wrote on the loss notice that the "HPR" forms were applicable to the water damage loss. Plaintiff was never advised of this, and, indeed, was only directed to the "Kemper Comprehensive Policy". Plaintiff thereupon submitted its claim to defendant in August of 1978. Defendant's accountant reviewed the claim and determined that it was grossly understated since plaintiff had calculated its loss at cost rather than

the selling price but never corrected the error or informed plaintiff of the mistake. Rather, Parish falsely advised plaintiff that the accountant's review demonstrated that plaintiff had suffered no loss due to the water leak. Parish also referred plaintiff only to the "Kemper Comprehensive Policy".

Subsequently, with the aid of a public adjuster, plaintiff prepared a claim based upon the selling price of the damaged goods, not their costs. Plaintiff was then examined by defendant on April 25, 1979. After approximately one hour, the examination was rescheduled for July 16, 1979. Both examinations were conducted under the terms of the "Kemper Comprehensive Policy". At no time was plaintiff informed that the "Kemper Comprehensive Policy" was not the sole policy which afforded coverage for plaintiff's loss. However, since defendant made no settlement offer to plaintiff, the latter commenced suit in December of 1979. It was later discovered by plaintiff that the confusing series of insurance forms in the "HPR" folder were pertinent to its complaint. Consequently, plaintiff moved to amend its complaint to allege that all of the "HPR" forms be considered part of the "Kemper Comprehensive Policy". The motion was granted, the court concluding that plaintiff had sufficiently pleaded grounds for an estoppel against a limitation defense, and we upheld that ruling on appeal (97 AD2d 685).

Defendant then answered plaintiff's complaint and asserted a complete defense predicated upon plaintiff's failure to institute the action within one year. Defendant also interposed affirmative defenses of false swearing by plaintiff's witness and exaggeration of the loss. The Supreme Court, however, determined that the two-year limitation period was operative and, in addition, struck the defenses of false swearing and exaggeration.

We find for the reasons stated by the trial court that the two-year Statute of Limitations applies and that, moreover, defendant is estopped from raising the limitations defense. As a result of defendant's clearly wrongful conduct, plaintiff was induced into relying exclusively on the provisions of the "Kemper Comprehensive Policy", which contained a two-year limitation of suit clause (see, *Titus v Glens Falls Ins. Co.*, 81 NY 410; *Frank Corp. v Federal Ins. Co.*, 70 NY2d 966). Since plaintiff commenced suit within the two-year period, the action is timely. Indeed, defendant breached its implied covenant to the insured to refrain from taking any action which would have the effect of destroying its rights to receive the benefits of the contract (see, *Kirke La Shelle Co. v Armstrong*

*Co.*, 263 NY 79). By breaching its fiduciary duty to deal with its insured with the utmost good faith *(Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.*, 93 AD2d 337), defendant cannot now take advantage of its own wrongdoing. We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.