OPINION OF THE COURT
Thomas A. Stander, J.
The Defendants, Peerless Insurance Company, Excelsior Insurance Company and The Netherlands Insurance Company (hereinafter collectively referred to as Defendants), submit a motion seeking summary judgment dismissing the Plaintiffs Peter and Deborah Ilic’s complaint. The Defendants’ basis for *948 this motion is that the declaratory judgment action of Plaintiffs for first-party insurance coverage for property damage was commenced after the policy’s two-year suit limitation.
The insurance claim is based upon water damage which occurred on February 8, 1993 to unoccupied real property owned by Plaintiffs. The Plaintiffs commenced suit against the Defendants by filing a summons and complaint on February 7, 1996.
“Parties, by agreement, may provide for a shorter limitations period than that prescribed by law, which is enforceable, provided it is reasonable and in writing”. (Carat Diamond Corp. v Underwriters At Lloyd’s, 123 AD2d 544, 546 [1st Dept 1986]; see, Benatovich v Propis Agency, 224 AD2d 998 [4th Dept 1996]; Van Hoesen v Pennsylvania Millers Mut. Ins. Co., 86 AD2d 733 [3d Dept 1982].) In the instant case the two-year limitation period was contained in the written policy. In insurance policies, agreed-to time periods as short as 12 months have been found to be reasonable, valid and enforceable. (Blitman Constr. Corp. v Insurance Co., 66 NY2d 820 [1985] [12-month contractual limitation period]; Carat Diamond Corp. v Underwriters At Lloyd’s, at 546 [12-month contractual limitation period]; Benatovich v Propis Agency, at 998 [two-year contractual limitation period]; Van Hoesen v Pennsylvania Millers Mut. Ins. Co., at 733 [two-year contractual limitation period].)
The Defendants have met their initial burden of establishing their defense sufficiently to warrant the court to direct judgment in favor of Defendants. The Defendants’ motion, however, is to “be denied if any party shall show facts sufficient to require a trial of any issue of fact.” (CPLR 3212 [b].)
The Plaintiffs allege that a question of fact exists as to whether the Defendants waived their rights or are estopped from relying upon the two-year contractual limitation. If there are allegations of any representations or conduct by the insurer which could have misled plaintiff into believing that the time limitation in the policy would not be invoked, then summary judgment is not warranted. (See, Carat Diamond Corp. v Underwriters At Lloyd’s, supra, at 546; see, Blitman Constr. Corp. v Insurance Co., supra, at 822-823; Galligan v Royal Globe Ins. Co., 119 AD2d 987 [4th Dept 1986]; cf., Ampower Semiconductor Corp. v American Motorists Ins. Co., 159 AD2d 268 [1st Dept 1990].)
The Court of Appeals has addressed the issue of waiver or estoppel in insurance policies: “Evidence of communications or settlement negotiations between an insured and its insurer ei *949 ther before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove waiver or estoppel [citations omitted]. Waiver is an intentional relinquishment of a known right and should not be lightly presumed [citations omitted]. Plaintiff offers no evidence from which a clear manifestation of intent by defendant to relinquish the protection of the contractual limitations period could be reasonably inferred [citation omitted]. Nor do the facts show that defendant, by its conduct, otherwise lulled plaintiff into sleeping on its rights under the insurance contract [citation omitted], Indeed, since the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action.” (Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988].)
In the instant case, the parties had been involved in extensive negotiation and settlement discussions. This court recognizes that these negotiations alone are not sufficient to demonstrate a waiver of the insurer’s rights under the policy to time bar any action not commenced within the two-year contractual limitation period. (See, Frank Corp. v Federal Ins. Co., supra, at 968; Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913 [4th Dept 1997]; Warhoftig v Allstate Ins. Co., 199 AD2d 258 [2d Dept 1993].) However, the conduct of the Defendants, as the insurers, included more than just the investigating and negotiating of a possible settlement; the insurers made two payments to the Plaintiffs on their claim. A check for $25,000 was issued on November 8, 1993 with a memo that it was a partial payment. A second check for $52,040 was issued on September 15, 1994 with a memo that it was for repairs, with a breakdown of the amount and a note “*subject to final review and settlement”. Thereafter, and still during the two-year limitation of time to commence suit, there were additional investigations, negotiations, and discussions between the parties as to the final settlement of the Plaintiffs’ claim.
This court determines that a question of fact exists on whether Defendants waived their right to assert that Plaintiffs’ claim is time barred by Defendants’ conduct in issuing partial payments of the claim, with unequivocal notes on the checks that they are subject to final review and settlement. The Plaintiffs have submitted proof in evidentiary form which raises an issue of fact as to whether the Defendants “lulled plaintiff into inactivity sufficient for a waiver or estoppel” or *950 lulled. Plaintiffs into sleeping on their rights to commence an action due to the conduct of the insurers in having issued payments on the claim, with notations of a final settlement to follow. (See, Carat Diamond Corp. v Underwriters At Lloyd’s, supra, at 546; Cardinale v Genesee Val. Med. Care, 94 AD2d 966 [4th Dept 1983]; Dresserville Farms v Firemen’s Ins. Co., 54 AD2d 1118 [4th Dept 1976]; Pasmear Inn v General Acc. Fire & Life Assur. Corp., 44 AD2d 647 [4th Dept 1974].)
The Defendants’ motion for summary judgment dismissing the Plaintiffs’ complaint based upon the two-year contractual limitation to commence an action against the Defendants is denied.