■ GREENPOINT BANK, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. [668 NYS2d 501] —In an action to recover the proceeds of an insurance policy, the defendant Security Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated January 17, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 8, 1992, certain property owned by the defendant Yolanda Reyes was damaged by fire. Reyes promptly reported the fire to her insurer, the defendant Security Mutual Insurance Company (hereinafter Security Mutual), and she submitted a written notice of claim of loss on January 22, 1992, identifying the plaintiff, Greenpoint Bank (hereinafter Greenpoint), as her mortgagee.

On July 15, 1993, Greenpoint wrote to Security Mutual to request that the proceeds of Reyes's insurance policy be paid directly to Greenpoint. Security Mutual indicated that it required a sworn proof of loss, which Greenpoint forwarded on October 21, 1993. Security Mutual rejected this proof of loss because of certain technical defects in the submission, and demanded that Greenpoint fill out a new statement. Greenpoint complied on April 5, 1994, but this second proof of loss was once again rejected, this time on the ground that the amount claimed was excessive. Greenpoint submitted a third proof of loss on June 30, 1994, and this claim was finally accepted by Security Mutual in a letter dated August 17, 1994. Under the terms of the policy, a check for the promised $68,335.50 should thereafter have been issued within 45 days. Instead, on January 12, 1995, Security Mutual rescinded its approval on the ground that its claim had become time-barred on January 9, 1994, because the policy gave Greenpoint only two years from the date of loss within which to sue.

583

On this record, we conclude that the Supreme Court properly determined that there are questions of fact as to whether Security Mutual waived its right or is estopped to assert the period of limitations as a defense to Greenpoint's claim (*see, Burke v Nationwide Ins. Co.,* 108 AD2d 1098, 1100; *Pasmear Inn v General Acc. Fire & Life Assur. Corp.,* 44 AD2d 647; *Albino Linoleum & Carpet Serv. v Utica Fire Ins. Co.,* 33 AD2d 638, 639; *Longe's Estate v Assurance Co.,* 107 NYS2d 961; *cf., Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.