**Kara PENNA and Ronald Penna, M.D., Plaintiffs,**

v.

**PEERLESS INSURANCE COMPANY, Defendant.**

No. 06–CV–6201P.

United States District Court, W.D. New York.

Sept. 24, 2007.

*DECISION & ORDER*

PAYSON, United States Magistrate Judge.

### PRELIMINARY STATEMENT

On March 17, 2006, plaintiffs Kara Penna and Ronald Penna, M.D., filed suit in New York State Supreme Court against Peerless Insurance Company ("Peerless"). (Docket # 15, Ex. A). Invoking diversity jurisdiction, Peerless removed the matter to this Court pursuant to 28 U.S.C. § 1441. (Docket # 1). Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 18). Currently before this Court is Peerless's motion for summary judgment. (Docket # 14). For the reasons discussed below, Peerless's motion is granted.

### FACTUAL BACKGROUND

The following recitation of the factual background to this case is derived from the parties' undisputed statements of material facts submitted pursuant to Rule 56.1 of the Local Rules of Civil Procedure for the Western District of New York.[1]

At all times relevant to this action, plaintiff Ronald Penna owned a condominium located at 58 Ellington Circle, Rochester, New York. (Docket # 15–1 at ¶ 3; # 22–6 at ¶ 1). A homeowner's insurance policy had been issued for that property by Excelsior Insurance Company, a member underwriting company of Peerless.[2] (Docket

Anthony A. Dinitto, Faraci & Lange LLP, Rochester, NY, for Plaintiffs.

Susan H. Sadinsky, Law Office of Roy A. Mura, Roy A. Mura, Buffalo, NY, for Defendant.

1. Plaintiffs have not disputed the defendant's statement, but have submitted a "counter-statement" containing additional factual assertions. (*See* Docket # 22–6 at ¶ 1). Defendant has not contested the assertions in plaintiffs' counter-statement, although defendant has submitted a reply affidavit seeking to am-

plify some of the plaintiffs' assertions. (*See* Docket # 23 and Exhibit ("Ex.") A thereto).

2. Peerless contends that the lawsuit incorrectly names it as defendant, when the proper party is Excelsior Insurance Company. (Docket # 14–6 at 1). Peerless does not seek

# 15–1 at ¶ 4; # 22–6 at ¶ 1). The policy was issued to "Kara Penna, LT c/o Ronald Penna" and contained a provision entitled "Suits Against Us," which provided, "No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss." (Docket # 15–1 at ¶¶ 4–5, Ex. B).

On July 9, 2003, a plumbing break occurred at the condominium, resulting in significant water damage to the basement and first floor. The flood also caused the proliferation of mold. (Docket # 15 at ¶ 3; # 22–6 at ¶ 2). That same day plaintiffs contacted their insurance agent and informed him of the flood. (Docket # 22–6 at ¶ 3).

A Peerless claims representative spoke with plaintiffs on July 14, 2003, took a recorded statement and advised plaintiffs that they would be contacted by another representative, Stephen Scott of North Coast Claims, to schedule an inspection of the property. Plaintiffs were further advised that no work could be performed on the property unless approved by Scott. (Docket # 22–6 at ¶ 4). During the ensuing seven months, plaintiffs communicated frequently with Scott and other Peerless representatives to arrange structural and environmental inspections of the property in order to determine the scope of necessary repairs and remediation. (Docket # 22–6 at ¶¶ 5–18).

Also during that period, Peerless issued two checks to plaintiffs in connection with the claim: the first in the amount of $1,489.89 as reimbursement for, among other things, one of the property inspections; the second in the amount of

$4,230.73 as reimbursement for the initial cleanup. (Docket # 22–6 at ¶ 20). Peerless neither paid, nor denied the remainder of plaintiffs' claim, consisting of approximately $67,000 in expenses incurred for mold remediation and property rehabilitation and approximately $18,000 in lost rental income. (*Id.*). In the Spring of 2004, plaintiffs retained counsel to assist them in obtaining reimbursement for the flood damage from Peerless, as well as from the manufacturer, supplier and installer of the plumbing part that failed. (Docket # 22–6 at ¶ 19).

After they retained counsel, Peerless requested from plaintiffs proofs of loss, photographs, additional documentation regarding the repairs and remeditation work and their expenses, and an examination under oath ("EUO") of Ronald Penna. (Docket # 22–6 at ¶¶ 22–27). Certain information was provided by Penna,[3] and his EUO was scheduled for July 7, 2005, two days before the expiration of the two-year contractual limitations period. At plaintiffs' request, the EUO was rescheduled and conducted on July 14, 2005. (Docket # 22–6 at ¶¶ 29–30; # 23 at ¶ 6). During the EUO, counsel for Peerless requested that plaintiffs produce various additional documents—a request that plaintiffs' counsel asked to be made in writing. No written request was forthcoming, nor was the examination transcript forwarded by Peerless to plaintiffs.

Plaintiffs commenced suit in New York State Supreme Court on March 17, 2006, seeking a declaratory judgment that defendant is obligated to cover plaintiffs' losses from the plumbing break. (Docket # 15–1 at ¶ 2, Ex. A; # 22–6 at ¶¶ 32–33).

judgment on this basis, however, and the issue of whether Peerless is a properly-named defendant is not addressed in this opinion.

3. The parties apparently dispute whether Penna fully complied with the requests for documentation. That dispute is not material to resolution of the pending motion.

## DISCUSSION

Peerless moves for summary judgment on the grounds that plaintiffs failed to commence this action within the requisite two-year limitations period provided for in the insurance policy. (Docket # 14–6). Plaintiffs do not dispute that their claim was filed more than two years after the date of loss. Rather, they argue that triable issues of fact exist as to whether Peerless waived or is estopped from asserting the limitations defense as a result of its actions during the pre-suit investigation of plaintiffs' claim. Alternatively, plaintiffs contend that the limitation provision is ambiguous and unenforceable. (Docket # 22–7).

**A. Standard for Summary Judgment:** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In reaching this determination, the court must assess whether there exist any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162, 166–67 (2d Cir. 1991).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505; *Catanzaro v. Weiden,* 140 F.3d 91, 93 (2d Cir.1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Bryant v. Maffuc-*

*ci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the nonmoving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci,* 923 F.2d at 982 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 ..., that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995); *see also Driscoll v. Townsend,* 60 F.Supp.2d 78, 80 (W.D.N.Y.1999).

As the Second Circuit has explained:

[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.... It must be kept in mind that only by reference to the substantive law can it be determined whether a disputed fact is material to the resolution of the dispute.

*Gallo v. Prudential Residential Serv., Ltd. P'ship,* 22 F.3d 1219, 1224 (2d Cir.1994).

**B. Failure to File Suit within the Two–Year Limitations Period:** New York law generally provides six years within which to file suit based upon an

alleged breach of contract.[4] N.Y. C.P.L.R. § 213(2) (McKinney 2003). Parties are permitted, however, to agree to shorter limitations periods, which are enforceable, provided they are reasonable and in writing. *John J. Kassner & Co., Inc. v. City of New York,* 46 N.Y.2d 544, 550–51, 415 N.Y.S.2d 785, 389 N.E.2d 99 (1979); *Carat Diamond Corp. v. Underwriters at Lloyd's, London,* 123 A.D.2d 544, 506 N.Y.S.2d 708, 709–10 (N.Y.App.Div.1986). Indeed, insurance policies providing for a limitations period as short as twelve months have been found enforceable. *See, e.g., Blitman Constr. Corp. v. Insurance Co. of N. Am.,* 66 N.Y.2d 820, 823, 498 N.Y.S.2d 349, 489 N.E.2d 236 (1985); *Carat Diamond Corp. v. Underwriters at Lloyd's, London,* 506 N.Y.S.2d at 709–10. Notwithstanding any agreed-upon limitations period, a motion for summary judgment based upon a plaintiff's failure to comply with that period will be denied if triable issues of fact exist to question whether the insurer made representations or engaged in conduct to mislead the plaintiff into believing that the limitations provision would not be invoked. *See, e.g., Blitman Constr. Corp. v. Insurance Co. of N. Am.,* 66 N.Y.2d at 823, 498 N.Y.S.2d 349, 489 N.E.2d 236; *Carat Diamond Corp.,* 506 N.Y.S.2d at 710; *Ilic v. Peerless Ins. Co.,* 175 Misc.2d 947, 670 N.Y.S.2d 1006, 1007 (N.Y.Sup.Ct.1998).

Once an insurer "meets the initial burden of establishing that a limitations period found in the insurance policy expired prior to the commencement of the action, the burden shifts to the plaintiffs 'to aver evidentiary facts establishing that the case at hand falls within an exception to the limitations period.' " *Enterprise Eng'g, Inc.*

*v. Hartford Fire Ins. Co.,* 2004 WL 2997857, *2 (S.D.N.Y.2004) (quoting *Minichello v. Northern Assurance Co. of Am.,* 304 A.D.2d 731, 758 N.Y.S.2d 669, 670 (N.Y.App.Div.2003)). According to plaintiffs' insurance policy, any lawsuit based upon a claim to the policy was to be filed within two years of the date of loss. (Docket # 15 at ¶¶ 4–5, Ex. B). No dispute exists that the damage to plaintiffs' condominium occurred on July 9, 2003. (Docket # 15 at ¶ 3; # 22–6 at ¶ 2). Thus, to comply with the policy, plaintiffs were required to file suit by July 9, 2005.

Plaintiffs did not commence this action until March 17, 2006, more than eight months after the expiration of the applicable limitations period. (Docket # 1, Ex. A; # 22–6 at ¶¶ 32–33). Thus, Peerless has satisfied its initial burden of demonstrating a violation of the limitations period, and the Court must proceed to consider whether a reasonable juror could find that Peerless is foreclosed from asserting the limitations defense on the basis of its actions or statements during the pre-suit period.

■ **C. *Plaintiffs Have Not Demonstrated Waiver or Estoppel:*** "In order to establish a waiver of a 'time for suit clause,' the plaintiff must present evidence from which the defendant's intent to relinquish the protection of the contractual limitations period can be reasonably inferred." *Id.* at *3 (quoting *Satyam Imports, Inc. v. Underwriters at Lloyd's Via Marsh, S.A.,* 2003 WL 22349668, *2 (S.D.N.Y.2003) and citing *Gilbert Frank Corp. v. Federal Ins. Co.,* 70 N.Y.2d 966, 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 (N.Y.1988)). A waiver "should not be

---

**4.** In cases such as this arising under the Court's diversity jurisdiction, the court must apply federal procedural law and the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82

L.Ed. 1188 (1938). Thus, the substantive law of the state of New York applies in this case. *See Schiavone Constr. Co. v. City of New York,* 99 F.3d 546 (2d Cir.1996).

lightly presumed," however. *Id.* (quoting *Gilbert Frank Corp. v. Federal Ins. Co.,* 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512).

 To invoke estoppel, a plaintiff must demonstrate that he was misled or lulled by the defendant into failing to file a claim in a timely manner. *Id.* (citations omitted). The doctrine will not apply if either (1) the conduct ceased during the limitations period and the plaintiff did not file suit within the period despite having had sufficient time to do so, or (2) the conduct ceased after the limitations period expired and the plaintiff did not file suit within a reasonable time thereafter. *Id.* (citing *Simcuski v. Saeli,* 44 N.Y.2d 442, 449–50, 406 N.Y.S.2d 259, 377 N.E.2d 713 (1978), and *Overall v. Estate of Klotz,* 52 F.3d 398, 404 (2d Cir.1995)).

Plaintiffs assert that Peerless exhibited an intent to resolve their claim by making two partial payments, requesting documentation relating to the claim and estimates of the damage, and conducting environmental inspections of the property. (Docket #22–7). Plaintiffs further argue that the fact that Peerless conducted an EUO of Ronald Penna following the expiration of the limitations period, at which it requested additional documentation, constituted an " 'unequivocal action inconsistent with a forfeiture of the policy' from which a jury could find an implicit waiver of the limitations period." (Docket #22–7 at 7) (quoting *Graziane v. National Sur. Corp.,* 102 A.D.2d 950, 477 N.Y.S.2d 813, 814 (N.Y.App.Div.1984)).

Those same actions estop Peerless from asserting that the lawsuit is time-barred by the terms of the insurance agreement, plaintiffs further maintain. In plaintiffs' view, Peerless's conduct " 'lulled the plaintiff[s] into believing that [their] claim would be ultimately settled' and [that] the 'limitations provision for commencement of suit would not be asserted by the defendant.' " (Docket #22–7 at 8) (quoting *Dresserville Farms, Inc. v. Firemen's Ins. Co.,* 54 A.D.2d 1118, 388 N.Y.S.2d 788, 789 (N.Y.App.Div.)).

In short, plaintiffs contend that triable issues of fact exist as to whether Peerless is foreclosed equitably (under the doctrine of either waiver or estoppel) from asserting the two-year contractual limitations period as a bar to this lawsuit. To the contrary, I conclude as a matter of law on the undisputed facts before me that Peerless neither waived, nor is estopped from asserting, the limitations defense.

 It is well-settled that neither estoppel nor waiver of an applicable limitations period may be inferred solely from the fact that the carrier investigated the policy claim or the parties negotiated an attempted resolution, even if those actions occurred after the limitations period expired. In reviewing this established caselaw, another federal court explained:

> In contrast to when an insured is "promised repeatedly by agents for the insurer that the loss would be adjusted without litigation," steps taken by an insurer to investigate a claim do not constitute waiver or estoppel. *Satyam Imports,* 2003 WL 22349668, at *3 (citation omitted). Communications or settlement negotiations, including offers to settle for a specified sum, do not constitute waiver or estoppel of contractual time limitations on bringing suit whether such discussions occur before or after the expiration of the limitations period. *Gilbert Frank,* 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512. Partial payments of claims after the expiration of a limitations period do not amount to waiver or estoppel either. *New Medico Assoc., Inc. v. Empire Blue Cross & Blue Shield,* 267 A.D.2d 757, 701 N.Y.S.2d

142, 145 (3rd Dep't 1999); *see also Helios Trading Corp. v. Great American Ins. Co.,* No. 92 Civ. 1071(PNL), 1993 WL 502434, at *3 (S.D.N.Y. Mar.8, 1993).

*Enterprise Eng'g, Inc. v. Hartford Fire Ins. Co.,* 2004 WL 2997857 at *3. *See Gilbert Frank Corp.,* 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 (collecting cases).

■ In this case, Peerless does not dispute that it made partial payments to plaintiffs in connection with the insurance claim, requested information, documents and photographs from plaintiffs regarding the claimed damage, and conducted an examination of Ronald Penna one week after the two-year limitations period had expired. As to the latter, Peerless notes that the EUO was originally scheduled to occur within the limitations period, but was rescheduled at plaintiffs' request. Even these undisputed facts, however, fail to form a sufficient basis from which a reasonable juror could infer that Peerless intended to "relinquish [its] protection of the contractual limitations period." *Enterprise Eng'g, Inc.,* 2004 WL 2997857 at *3. *See also Gilbert Frank Corp.,* 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 ("since the conduct complained of occurred subsequent to expiration of the limitations period, plaintiff could not have relied on that conduct in failing to timely commence its action").

Plaintiffs have not alleged that Peerless explicitly represented that it would not invoke the policy's two-year limitations clause. To the contrary, during the pre-suit investigation period, Peerless repeatedly represented its intention to reserve all of its rights and defenses. Specifically, three separate letters sent by counsel for Peerless to counsel for plaintiffs during the period from September 2004 to March 2005, included a reservation of rights clause. (Docket # 23–2, Ex. A). In the first of the three, which requested plaintiffs to submit sworn proofs of loss, the clause stated:

> By requesting your sworn proofs of loss, Excelsior Insurance Company does not waive any of its rights or defenses under the subject insurance policy. Excelsior Insurance Company specifically reserves those rights and defenses at this time. *Excelsior Insurance Company will investigate this claim[;] however, this act or any other act on the part of this company will not be construed as either a waiver of the policy provisions or its rights thereunder.* Excelsior Insurance Company specifically reserves its right to rely upon each and every term and provision thereof and to disclaim liability and/or deny coverage for any reasons which may exist or which may hereafter appear and come to this company's attention.

(*Id.* (emphasis added)). The second of the three acknowledged receipt of the proofs of loss, but noted, "At this time, Excelsior Insurance Company neither accepts nor rejects those proofs of loss and the amounts claimed." (*Id.*). It requested that the plaintiffs produce additional documentation, again noting:

> By requesting these documents, Excelsior Insurance Company does not waive any of its actual or potential rights or defenses under the subject insurance policy. Excelsior specifically reserves those rights and defenses at this time. *Excelsior will continue to investigate this claim[;] however, this act or any other act on the part of this company will not be construed as either a waiver of the policy provisions or its rights thereunder.* Excelsior specifically reserves its right to rely upon each and every term and provision thereof and to disclaim liability and/or deny coverage

for any reasons which may exist or which may hereafter appear and come to this company's attention.

(*Id.* (emphasis added)). The third letter requested plaintiffs' EUOs and reiterated the reservation of rights clause contained in the second letter. (*Id.*).

■■■ Notwithstanding Peerless's consistent assertion of the reservation of rights clause, plaintiffs maintain that Peerless's actions during the pre-suit period raise triable issues of fact as to the applicability of the waiver and estoppel doctrines. Those actions—which consist of arranging inspections, requesting information and documentation about the claim, issuing small reimbursement payments and conducting an examination of the property owner—were undertaken as part of the defendant's contractual and legal right to conduct a pre-suit investigation. To infer from those acts alone that Peerless intended to forfeit its contractual limitations defense or to lull plaintiffs into thinking so would contravene both common sense and established law. Certainly, insureds and insurers are both better served by promoting efforts to resolve insurance claims short of litigation, which is often expensive and time-consuming. In order to do so, insurance carriers need to be able to investigate policy claims. Were their actions in doing so to be interpreted as an abandonment of their contractual limitations defenses, their incentive to conduct such investigations and resolve claims without resort to litigation would likely diminish. For this reason, to infer waiver or estoppel, courts require evidence of some representation or act by the carrier beyond investigation and negotiation of the claim. *See Gilbert Frank Corp.,* 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 ("[e]vidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, *without more,* sufficient to prove waiver or estoppel") (emphasis added) (collecting cases). I find that the record in this case is devoid of any such evidence.

In reaching this determination, I find that plaintiffs' reliance on *Greenpoint Bank v. Security Mut. Ins. Co.,* 247 A.D.2d 583, 668 N.Y.S.2d 501 (N.Y.App.Div.1998), and *Ilic v. Peerless Ins. Co.,* 175 Misc.2d 947, 670 N.Y.S.2d 1006 (N.Y.Sup.Ct.1998), is misplaced. While the courts in both cases denied the insurance carrier's motion for summary judgment, finding that material questions of fact existed on the issues of waiver and estoppel, they did so on factual records materially different from the one before the Court in this case. In *Greenpoint,* for example, the court determined that triable issues arose from the carrier's acceptance of a proof of loss filed after the limitations period. *Greenpoint Bank v. Security Mut. Ins. Co.,* 668 N.Y.S.2d at 502. In *Ilic,* the court determined that triable issues arose from the carrier's issuance of two checks in partial payment of plaintiff's claim, one of which contained the explicit notation, "subject to final review and settlement." *Ilic v. Peerless Ins. Co.,* 670 N.Y.S.2d at 1008.

In this case, however, plaintiffs timely filed their proof of loss, which prompted Peerless to investigate the claim by requesting documentation and information concerning the loss, arranging property inspections and scheduling the owner's deposition. Although small payments were issued to plaintiffs, there were not accompanied by any verbal or written statements promising future payment. Quite to the contrary, written correspondence sent by counsel for Peerless consistently asserted a reservation of rights clause.

I find the facts of this case rather more analogous to those that were before the court in *Enterprise Engineering, Inc.,* a

case in which summary judgment was awarded to the carrier over plaintiff's objection that triable issues of fact existed on the issues of waiver and estoppel. In that case, the plaintiff sustained a loss to its business income and submitted a timely claim to its carrier, which had insured plaintiff against business interruption and property income loss. *Enterprise Eng'g, Inc.*, 2004 WL 2997857 at *1. After the claim was made, the carrier issued two checks to the plaintiff in amounts aggregating less than the amount of the claim. *Id.* Plaintiff subsequently filed suit, but only after the policy's two-year limitations period had expired. *Id.*

The carrier moved for summary judgment, which the plaintiff opposed on the grounds that the limitations period should not be enforced in view of the history of settlement negotiations between the parties and the failure of the carrier to provide notice of any intention to deny the remainder of the claim. *Id.* at *4. The court granted the defendant's motion, relying upon the settled authority that waiver and estoppel may not be inferred from settlement negotiations alone. *Id.* at *3–4. The court further distinguished the decision in *Ilic v. Peerless Ins. Co.*, reasoning that the notations on the checks, rather than the payments themselves, constituted a waiver of the limitations period. *Id.* at *4. Unlike the checks in *Ilic*, the checks issued by the carrier in *Enterprise* (like the checks issued by Peerless in this case) contained no notation or endorsement to indicate that future payments would be forthcoming. *Id. See also Gilbert Frank Corp.*, 70 N.Y.2d at 968, 525 N.Y.S.2d 793, 520 N.E.2d 512 (granting insurance carrier's motion for summary judgment and finding no triable issues of fact as to waiver or estoppel where undisputed facts demonstrated that parties negotiated before and after limitations period expired

and carrier made settlement offer after limitations period).

Accordingly, applying the settled authority discussed above to the undisputed factual record in this case, I conclude that no reasonable juror could find that Peerless has waived or is estopped from asserting that this action is untimely.

■ **D.** *Ambiguity of "Time For Suit" Clause:* Plaintiffs also argue that the language of the "time for suit" provision in the insurance policy was ambiguous and thus unenforceable. As previously noted, the challenged policy term provided: "No action can be brought unless the policy provisions have been complied with and the action is started within two years of the date of loss." (Docket # 15–1, Ex. B). According to plaintiffs, the two clauses of that term imposed duties upon them that were incompatible and that could not both be discharged. One of the duties imposed by the first clause was to submit to the carrier's demand for an EUO and for the production of requested documents. The second clause imposed a duty to initiate any lawsuit within two years from the date of the loss. Because Penna's EUO was not conducted until after the limitations period, plaintiffs argue, he could not have complied with all provisions of the insurance policy and have filed suit within two years. (Docket # 22–7 at 9–10).

Plaintiffs' argument fails for two reasons—one factual and one legal. As to the first, plaintiffs ignore the fact that it was they, not Peerless, who requested an adjournment of Penna's examination until a date after the limitations period had expired. I can find no legal or equitable reason to infer that Peerless's acquiescence to plaintiffs' scheduling request should be construed as forfeiture of a contractual defense. To do so would surely discourage parties and counsel from extending to one another simple acts of cour-

tesy, such as agreements to brief schedul-
ing extensions. It might even encourage
some to delay in hopes of gaining a tactical
advantage—an equally undesirable effect
of the ruling plaintiffs urge.

 Plaintiffs' challenge fails for the
second reason that the New York Court of
Appeals has rejected a similar claim, and I
find that its rationale applies equally to
this case. In *Blitman Constr. Corp. v.
Insurance Co. of N. Am.*, 66 N.Y.2d 820,
498 N.Y.S.2d 349, 489 N.E.2d 236 (1985),
the plaintiff submitted an insurance claim
under a policy containing a twelve-month
limitations provision. Shortly before the
period expired, the defendant carrier re-
quested additional documentation from the
plaintiff. Two days after the limitations
period expired, the defendant requested
that the plaintiff sign a "non-waiver agree-
ment" providing the defendant with an
additional twelve months to investigate the
plaintiff's claim "without prejudice to any
rights which may have heretofore accrued
to [the defendant]." *Id.* at 821, 498
N.Y.S.2d 349, 489 N.E.2d 236. Shortly
thereafter, the defendant conducted an ex-
amination of the plaintiff's project manag-
er.

At the end of the period agreed to in the
"non-waiver" agreement, the plaintiff filed
suit; defendant moved for summary judg-
ment on the grounds that the suit was
untimely because it had not been initiated
within the original twelve-month period
provided for in the insurance policy. *Id.*
at 821, 823, 498 N.Y.S.2d 349, 489 N.E.2d
236. The court granted the defendant's
motion and squarely rejected the plaintiff's
contention that the two clauses were incon-
sistent.[5] *Id.* at 823, 498 N.Y.S.2d 349, 489
N.E.2d 236. According to the plaintiff, the
"time for suit" clause in the policy and the
"non-waiver" agreement, read together,

"made it illogical and commercially unrea-
sonable for [the plaintiff] to institute action
while the carrier was still investigating."
*Id.* The court disagreed, noting that the
plaintiff could have protected itself by "ei-
ther beginning an action before expiration
of the limitation period or obtaining from
the carrier a waiver or extension of its
provision." *Id.* Similarly, no reason has
been tendered by plaintiffs why they could
not have done likewise in this case.

In sum, plaintiffs were clearly obligated
by the terms of their insurance agreement
to commence suit within two years after
the date of loss. This requirement was
unambiguous, and plaintiffs failed to com-
ply. Had they desired to postpone litiga-
tion and continue negotiations, they could
have requested Peerless to agree to waive
or extend the limitations period. They did
not, and however harsh the result may be,
their failure to timely file suit cannot be
excused under either the doctrine of waiv-
er or the doctrine of estoppel. According-
ly, I find that plaintiffs' suit is untimely
and grant Peerless's motion for summary
judgment.

## CONCLUSION

For the foregoing reasons, Peerless's
motion for summary judgment (**Docket
# 14**) is **GRANTED.**

**IT IS SO ORDERED.**

---

5. The court also rejected the plaintiff's argu-
ment that the carrier's actions justified appli-

cation of the doctrines of waiver and estoppel.
*Id.*