■ LORETTA MINICHELLO et al., Respondents, v NORTHERN ASSURANCE COMPANY OF AMERICA et al., Appellants. [758 NYS2d 669] —In an action to recover damages for breach of an insurance contract, the defendants appeal (1) from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 22, 2002, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred, and (2), as limited by their brief, from so much of an order of the same court, dated August 21, 2002, as, in effect, upon granting that branch of their motion which was for leave to renew, adhered to the prior determination and denied that branch of their motion which was for the imposition of a sanction upon the plaintiffs.

Ordered that the appeal from the order dated March 22, 2002, is dismissed, as that order was superseded by the order dated August 21, 2002, made upon renewal; and it is further,

Ordered that the order dated August 21, 2002, is modified, on the law, by deleting the provision thereof that, in effect, upon granting renewal, adhered to the prior determination and substituting therefor a provision granting the defendants' motion to dismiss the complaint; as so modified, the order dated August 21, 2002, is affirmed insofar as appealed from and the order dated March 22, 2002, is vacated; and it is further,

Ordered that one bill of costs are awarded to the defendants.

On April 1, 1999, a residence owned by the plaintiffs was damaged by fire. The property was covered by a policy of insurance issued to the plaintiffs by the defendant, Northern Assurance Company of America, through the defendant, Suydam Agency, Inc.

Upon, in effect, granting that branch of the defendants' motion which was for leave to renew, the Supreme Court erred in adhering to its original determination denying the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the claim is barred by the contractual period of limitations. The defendants met their initial burden of establishing, prima facie, that the two-year limitations period found in the insurance policy expired prior to the commencement of the action (*see Savarese v Shatz,* 273 AD2d 219, 220 [2000]; *Siegel v Wank,* 183 AD2d 158, 159 [1992]), whereupon the burden shifted to the plaintiffs "to aver evidentiary facts establishing that the case at hand falls within [an exception to the limitations period]" (*Hoosac Val. Farmers Exch. v AG Assets,* 168 AD2d 822, 823 [1990]). The plaintiffs failed to offer evidence that the defendants committed any act, much less that they engaged in a course of conduct which lulled them into inactivity in the belief that their claim would ultimately be processed (*see* 71 NY Jur 2d, Insurance, § 2351 at 521-524; *see also Carat Diamond Corp. v Underwriters At Lloyd's, London,* 123 AD2d 544, 546 [1986]), or that they were "induced by fraud, misrepresentation or deception to refrain from commencing a timely action" (*Kiernan v Long Is. R.R.,* 209 AD2d 588, 589 [1994]; *see Phillips v Dweck,* 300 AD2d 969 [2002]; *cf. Simcuski v Saeli,* 44 NY2d 442, 448-449 [1978]).

The record discloses that the delay in denial of the claim by the insurance company was attributable to the investigation of the claim and the plaintiffs' failure to cooperate in the investigation. "Delay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action, since he or she is bound by the terms of the contract to either commence an action prior to the expiration of the limitations period or obtain a waiver or extension of such provision" (*Brown v Royal Ins. Co. of Am.,* 210 AD2d 279 [1994]; *see Blitman Constr. Corp. v Insurance Co. of N. Am.,* 66 NY2d 820 [1985]; *Phillips v Dweck, supra; Raniolo v Travelers Indem. Co.,* 279 AD2d 514, 515 [2001]; *Compis Servs. v Hartford Steam Boiler Inspection & Ins. Co.,* 272 AD2d 886, 887 [2000]). Moreover, the defendants should not be estopped or found to have waived the protection of the limitations period provided for in the contract, where, as here, the

plaintiffs refused to execute transcripts of their examinations under oath and otherwise failed to provide documents and information to which the defendants were entitled in their investigation of the claim (*see Brown v Royal Ins. Co. of Am., supra*; *Myers, Smith & Granady v New York Prop. Ins. Underwriting Assn.,* 201 AD2d 312, 313 [1994], *affd* 85 NY2d 832 [1995]; *Carat Diamond Corp. v Underwriters At Lloyd's, London, supra* at 546-547).

The appellants' remaining contention is without merit. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.