■ C.D. CITY, INC., Respondent, v MARYLAND CASUALTY COMPANY, Appellant. [771 NYS2d 396]—

In an action, inter alia, to recover additional proceeds under an insurance policy, the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered March 27, 2003, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In September 2002 the plaintiff commenced an action against the defendant insurer, inter alia, to recover additional proceeds under an insurance policy with respect to a burglary at its premises on October 19, 1996. The defendant then moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was time-barred under the two-year statute of limitations provision contained in its policy. However, the plaintiff argued that the policy contained an endorsement which replaced the two-year statute of limitations provision. The Supreme Court denied the motion, finding that the policy was ambiguous. We reverse.

It is well settled that policies of insurance are to be construed

liberally in favor of the insured and strictly against the insurer (*see Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864 [1977]). However, "where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" (*id.* at 864). Further, "in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement . . . [and] [a]n insurance contract should not be read so that some provisions are rendered meaningless" (*County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 628 [1994]; *see also Shah v Cambridge Mut. Fire Ins. Co.,* 304 AD2d 815 [2003]; *Hamilton v Khalife,* 289 AD2d 444 [2001]).

In the case at bar, the terms of the insurance policy were clear and unambiguous, and contained a two-year statute of limitations provision. The defendant correctly contends that the action is time-barred under the two-year statute of limitations provision of the policy (*see Roberts v New York Prop. Ins. Underwriting Assn.,* 253 AD2d 807 [1998]; *Costello v Allstate Ins. Co.,* 230 AD2d 763 [1996]). Accordingly, the Supreme Court erred in denying the defendant's motion to dismiss the complaint.

The parties' remaining contentions are academic in light of our determination. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.