■ RICHARD NEARY et al., Respondents, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. [791 NYS2d 840]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 9, 2004, which denied its motion for summary judgment dismissing the complaint

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant sustained its initial burden of demonstrating its entitlement to summary judgment by presenting evidence that this action was commenced after the two-year limitations period contained in the subject insurance policy had expired (*see Minichello v Northern Assur. Co. of Am.,* 304 AD2d 731 [2003]; *Don's Corp. v Commercial Union Ins. Cos.,* 300 AD2d 535 [2002]; *Enright v Nationwide Ins.,* 295 AD2d 980 [2002]; *Raniolo v Travelers Indem. Co.,* 279 AD2d 514 [2001]). Thus, the burden shifted to the plaintiffs to aver evidentiary facts establishing that the case at hand falls within an exception to the limitations period (*see Minichello v Northern Assur. Co. of Am., supra* at 732). However, the plaintiffs' submissions failed to raise a triable issue of fact as to whether the defendant waived its right to rely upon the protection of the contractual limitations period, or should be estopped from asserting the limitations period as a defense because it engaged in conduct which lulled the plaintiffs into sleeping on their legal rights (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966 [1988]; *Minichello v Northern Assur. Co. of Am., supra*; *Enright v Nationwide Ins., supra*; *Gongolewski v Travelers Ins. Co.,* 252 AD2d 569 [1998]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.