■ JOSEPH SCHACHTER, Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Doing Business as ROYAL & SUNALLIANCE INSURANCE COMPANY, Appellant. [801 NYS2d 372]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 30, 2004, which, in effect, granted the plaintiff leave to discontinue the action and directed the parties to proceed with an appraisal of the amount of the property damage allegedly sustained, and denied as academic the defendant's motion to strike the note of issue, the plaintiff's cross motion to strike the first affirmative defense of a contractual limitations period, and the defendant's cross motion for summary judgment dismissing the complaint on the ground that the contractual period of limitations for commencing suit had expired.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, leave to discontinue the action is denied, the plaintiff's cross motion to strike the first affirmative defense is denied, the defendant's cross motion for summary judgment dismissing the complaint is granted, and the defendant's motion to strike the note of issue is denied as academic.

The defendant established its entitlement to summary judgment dismissing the complaint by demonstrating that the action was commenced after the two-year limitations period contained in the subject insurance policy had expired (*see Don's Corp. v Commercial Union Ins. Cos.*, 300 AD2d 535 [2002]; *Brown v Royal Ins. Co. of Am.*, 210 AD2d 279 [1994]). In response, the plaintiff failed to raise a triable issue of fact as to whether the defendant waived its right to assert, or should have been estopped from asserting, the limitations period as a defense (*see Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]; *Raniolo v Travelers Indem. Co.*, 279 AD2d 514 [2001]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff leave to discontinue the action and directing the parties to proceed with the appraisal process contained in a separate section of the insurance policy, since it would allow the plaintiff to avoid the adverse consequences of having commenced an untimely action (*see Venture I, Inc. v Voutsinas*, 8 AD3d 475 [2004]; *Casey v Custom Crushing & Materials*, 309 AD2d 726 [2003]).

Since the complaint should have been dismissed as time-barred, the defendant's motion to strike the note of issue should have been denied as academic. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.