■ JOHN JOSEPH, Also Known as GEORGE JOSEPH, Appellant, v INSURECO, INC., et al., Respondents. [809 NYS2d 518]—

In a hybrid action, inter alia, to recover damages for breach of contract, and a proceeding pursuant to CPLR article 78 in the nature of mandamus, to compel the New York State Superintendent of Insurance to require certain insurance companies to settle the plaintiff's insurance claim arising from water damage

to his property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dollard, J.), dated August 16, 2004, which granted that branch of the cross motion of Insureco, Inc., St. Paul Insurance Company, sued herein as St. Paul Property and Liability Insurance, and United States Fidelity Guaranty Company, sued herein as United States Fidelity and Guaranty Insurance Underwriters, Inc., which was to dismiss the claims insofar as asserted against them as time-barred pursuant to CPLR 3211 (a) (5), granted that branch of the cross motion of the New York State Insurance Department and the New York State Superintendent of Insurance which was to dismiss the claims insofar as asserted against them as time-barred pursuant to CPLR 3211 (a) (5), and dismissed the proceeding insofar as asserted against them.

Ordered that the order and judgment is affirmed, with one bill of costs.

Pursuant to the limitations provisions contained in the insurance policy issued to the plaintiff and the endorsement, his claim against Insureco, Inc., St. Paul Insurance Company, sued herein as St. Paul Property and Liability Insurance, and United States Fidelity Guaranty Company, sued herein as United States Fidelity and Guaranty Insurance Underwriters, Inc., was properly dismissed as time-barred. Parties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable statute of limitations (see CPLR 201; Matter of Incorporated Vil. of Saltaire v Zagata, 280 AD2d 547 [2001]). The claims asserted against the New York State Insurance Department and the New York State Superintendent of Insurance were likewise time-barred (see CPLR 217).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.