■ MOHAMMED ABDUL HALIM, Appellant, v STATE FARM FIRE & CASUALTY CO., Respondent. [818 NYS2d 476]—In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated July 14, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant sustained its initial burden of demonstrating its entitlement to summary judgment by presenting evidence that the action was commenced after the two-year limitations

period contained in the plaintiff's homeowners insurance policy had expired (*see Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024 [2005]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731 [2003]; *Don's Corp. v Commercial Union Ins. Cos.*, 300 AD2d 535 [2002]; *Enright v Nationwide Ins.*, 295 AD2d 980 [2002]). Thus, the burden shifted to the plaintiff "to aver evidentiary facts establishing that the case at hand falls within [an exception to the limitations period]" (*Minichello v Northern Assur. Co. of Am.*, supra at 732). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant waived its right to rely upon the protection of the contractual limitations period, or whether it should have been estopped from asserting the limitations period as a defense because it engaged in conduct which induced the plaintiff to postpone bringing suit (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Schachter v Royal Ins. Co.*, supra; *Neary v Nationwide Mut. Fire Ins. Co.*, supra; *Minichello v Northern Assur. Co. of Am.*, supra; *Enright v Nationwide Ins.*, supra; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569 [1998]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are without merit. Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.