■ NADIA DIMMICK, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. [869 NYS2d 210]—

The defendant issued a policy of insurance which, among other things, insured the plaintiff's covered property against loss from fire. The policy contained a provision that an action against the defendant had to be commenced within two years of the date of loss. The plaintiff's property allegedly sustained fire damage on July 11, 1999. The plaintiff, however, failed to commence this action until July 31, 2001, by the filing of a summons with notice.

Parties to a contract may agree to limit the period of time within which an action must be commenced to a shorter period than that provided by the applicable statute of limitations (*see* CPLR 201; *Joseph v Insureco, Inc.*, 25 AD3d 764, 765 [2006]; *C.D. City v Maryland Cas. Co.*, 4 AD3d 382, 383 [2004]; *Matter of Incorporated Vil. of Saltaire v Zagata*, 280 AD2d 547 [2001]). Here, the plaintiff failed to comply with the contractual limitations period under the policy. Further, in her papers submitted in opposition to the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred, the plaintiff failed to demonstrate that the defendant engaged in any conduct during the limitations period that induced her to postpone bringing suit (*see Halim v State Farm Fire & Cas. Co.*, 31 AD3d 710, 711 [2006]; *Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024 [2005]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731 [2003]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Belen, JJ., concur.