■ Robert Snyder et al., Appellants, v Allstate Insurance Company, Respondent. [896 NYS2d 79]—

In an action to recover damages for breach of a homeowner's insurance policy, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered March 26, 2008, (2) an order of the same court entered May 6,

2008, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint, and (3) an order of the same court entered July 7, 2008, which denied the plaintiffs' motion, in effect, for leave to reargue their opposition to the defendant's motion.

Ordered that the appeal from the order entered March 26, 2008, is dismissed as abandoned; and it is further,

Ordered that the appeal from the order entered July 7, 2008, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered May 6, 2008, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453, 453 [2000]; *see GuideOne Specialty Ins. Co. v Admiral Ins. Co.*, 57 AD3d 611, 613 [2008]; *Cohen v Nassau Educators Fed. Credit Union*, 37 AD3d 751, 752 [2007]).

Here, the documentary evidence submitted by the defendant in support of its motion conclusively established that the instant action was barred because it was commenced after the two-year limitation period contained in the subject insurance policy had expired (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967-968 [1988]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]). Thereupon, "the burden shifted 'to the plaintiffs to aver evidentiary facts establishing that the case at hand falls within [an exception to the limitations period]' " (*Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731, 732 [2003]). Exceptions exist where a defendant insurer has "engaged in a course of conduct which lulled [the plaintiffs] into inactivity in the belief that their claim would ultimately be processed" or has induced the plaintiffs "by fraud, misrepresentation or deception to refrain from commencing a timely action" (*Minichello v Northern Assur. Co. of Am.*, 304 AD2d at 732 [internal quotation marks omitted]; *see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d at 967-968; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]).

In opposition to the motion, the plaintiffs failed to demonstrate any basis for estopping the defendant from relying upon the contractual limitations period. Accordingly, the Supreme

Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint (*see Dimmick v New York Prop. Ins. Underwriting Assn.*, 57 AD3d 602, 603 [2008]; *Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731 [2003]).

The appeal from the order entered March 26, 2008, must be dismissed as abandoned, as the plaintiffs do not seek reversal of any portion of that order in their brief (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.