■ PHILIP F., et al., Appellants, v ROMAN CATHOLIC DIOCESE OF LAS VEGAS et al., Respondents. [894 NYS2d 125]—

In an action, inter alia, to recover damages for battery and intentional and negligent infliction of emotional distress, etc., the plaintiffs appeal from so much of (1) an order of the Supreme Court, Queens County (Mayersohn, J.), entered March 13, 2009, as granted that branch of the motion of the defendant Roman Catholic Diocese of Las Vegas which was to dismiss the complaint insofar as asserted against it as time-barred pursuant to CPLR 3211 (a) (5), and (2) an order of the same court entered June 29, 2009, which granted that branch of the motion of the defendant Robert P. which was to dismiss the complaint insofar as asserted against him as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff Philip F. (hereinafter the plaintiff) alleges that he was sexually abused by the defendant Robert P. from 1985 to 1989 when he was between the ages of 10 and 14, and while Robert P., a priest, was employed by the defendant Roman Cath-

olic Diocese of Las Vegas (hereinafter the Diocese). The plaintiff, with his wife, suing derivatively, commenced the instant action in 2008. The defendants separately moved to dismiss, inter alia, on the ground that the causes of action interposed were barred by the applicable statutes of limitations.

In the two orders appealed from, the Supreme Court granted the branches of the motions which were to dismiss the complaint as time-barred. We affirm.

In considering a motion to dismiss pursuant to CPLR 3211, the pleading is afforded a liberal construction (see CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). As such, the court will "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88). In moving for dismissal pursuant to CPLR 3211 (a) (5), a defendant must establish, prima facie, that one or more of the asserted causes of action are time-barred (see *6D Farm Corp. v Carr*, 63 AD3d 903 [2009]; *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d 956, 957 [2008]; *Matter of Schwartz*, 44 AD3d 779 [2007]). To meet its burden, a defendant must establish when the causes of action accrued (*id.*; see *Swift v New York Med. Coll.*, 25 AD3d 686 [2006]). Only if the defendant makes such a prima facie showing does the burden then shift to the plaintiff to "aver evidentiary facts establishing that the case falls within an exception to the [s]tatute of [l]imitations" (*Savarese v Shatz*, 273 AD2d 219, 220 [2000] [internal quotation marks omitted]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]) or that a question of fact exists as to whether an exception applies (see *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d at 957).

Here, in opposition to the defendants' prima facie showing that the causes of action interposed were time-barred (*id.* at 957; *Matter of Schwartz*, 44 AD3d 779 [2007]; *Swift v New York Med. Coll.*, 25 AD3d at 686), the plaintiffs asserted, inter alia, that the defendants should be equitably estopped from raising a statutes of limitations defense. However, even accepting the facts set forth in the complaint as true and according the plaintiffs the benefit of every reasonable inference, the plaintiffs failed to demonstrate that they reasonably relied on any deception, fraud, or misrepresentations by the defendants, which effectively prevented them from timely commencing the action (see *Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552-553 [2006]; *Zumpano v Quinn*, 6 NY3d 666, 674 [2006]; *Santo B. v Roman Catholic Archdiocese of N.Y.*, 51 AD3d at 957-958; *Owen v Mackinnon*, 6 AD3d 684 [2004]).

The plaintiffs' remaining contentions are without merit.

The Diocese's remaining argument is not properly before this Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.