SHARON COOPER, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [900 NYS2d 545]—

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered February 19, 2009 in a breach of contract action. The order denied defendant's motion to dismiss the amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the second through sixth causes of action and the claim for punitive damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against her insurer after her claim for property damage to her home was denied. Supreme Court properly denied defendant's motion to dismiss the amended complaint insofar as defendant contended that the action was barred by the contractual limitations period in its insurance policy, i.e., two years. Although defendant met its initial burden of proof, plaintiff raised an issue of fact whether an exception to the contractual limitations period applies (*see Snyder v Allstate Ins. Co.*, 70 AD3d 670 [2010]; *see also Philip F. v Roman Catholic Diocese of Las Vegas*, 70 AD3d 765 [2010]). "Construing the amended complaint in the generous light to which it is entitled on a motion to dismiss" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995], citing *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that it alleges facts that, if true, support a determination that defendant should be estopped from relying on the contractual limitations period because it "engaged in a course of conduct [that] lulled [her] into inactivity in the belief that [her] claim would ultimately be processed" (*Minichello v Northern Assur.*

*Co. of Am.*, 304 AD2d 731, 732 [2003]; *cf. Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]).

We further conclude that the court properly denied defendant's motion insofar as defendant contended that dismissal of the amended complaint was warranted based on the alleged willful failure of plaintiff to cooperate with its investigation of her claim. An insurer's burden in attempting to disclaim coverage based on an insured's alleged willful lack of cooperation "has been termed a heavy one . . . and requires a showing that the insured's attitude was one of willful and avowed obstruction . . . involving a pattern of noncooperation for which no reasonable excuse [is] offered" (*Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 767 [2000] [internal quotation marks omitted]; *see Dlugosz v Exchange Mut. Ins. Co.*, 176 AD2d 1011, 1013 [1991]). Here, although plaintiff admittedly did not provide defendant with all of the documents requested by it, she has offered reasons for failing to do so, and the issue concerning the validity of those reasons cannot be determined as a matter of law on the record before us.

We agree with defendant, however, that the court erred in denying its motion insofar as it sought dismissal of the second through sixth causes of action for failure to state a cause of action (*see* CPLR 3211 [a] [7]), as well as the claim for punitive damages, and we therefore modify the order accordingly. The second and third causes of action, for defendant's bad faith in refusing to settle plaintiff's claim, should have been dismissed because they do not allege conduct by defendant constituting the requisite "gross disregard of the insured's interests" necessary to support such causes of action (*Cappelletti v Unigard Ins. Co.*, 222 AD2d 1029, 1032 [1995] [internal quotation marks omitted]; *see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453 [1993], *rearg denied* 83 NY2d 779 [1994]). The fourth and fifth causes of action, for fraud, should have been dismissed because they merely restate plaintiff's first cause of action, for breach of contract (*see Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 915 [1997]; *Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220, 222 [1994]).

The sixth cause of action, for the violation of General Business Law § 349, likewise should have been dismissed inasmuch as this is a private contractual dispute, "unique to the parties" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]), and the statute "was not intended to supplant an action to recover damages for breach of contract between parties to an arm's length contract" (*Teller v*

*Bill Hayes, Ltd.*, 213 AD2d 141, 148 [1995], *lv dismissed in part and denied in part* 87 NY2d 937 [1996]; *see Graham v Eagle Distrib. Co.*, 224 AD2d 921 [1996], *lv dismissed* 88 NY2d 962 [1996]). Finally, the claim for punitive damages should have been dismissed inasmuch as there is no indication that defendant's alleged conduct was "activated by evil or reprehensible motives" (*Gravitt v Newman*, 114 AD2d 1000, 1002 [1985]; *see 235 E. 4th St., LLC v Dime Sav. Bank of Williamsburgh*, 65 AD3d 976 [2009]; *Peltier v Wakhloo*, 20 AD3d 870, 871 [2005]). Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.