■ CLIFF CHAN et al., Appellants, v COUNTERFORCE CENTRAL ALARM SERVICES CORP. et al., Defendants, and ALLSTATE INSURANCE COMPANY, Respondent. [900 NYS2d 884]—In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 30, 2009, which granted the motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Allstate Insurance Company (hereinafter the defendant) satisfied its prima facie burden of demonstrating its entitlement to judgment as a matter of law by presenting evidence that this action was commenced after the two-year limitations period contained in the plaintiffs' homeowners insurance policy had expired (*see Halim v State Farm Fire & Cas. Co.*, 31 AD3d 710, 710-711 [2006]; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d 331 [2005]; *Affordable Auto Repair v Travelers Indem. Co.*, 292 AD2d 477 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendant waived its right to rely upon the protection of the contractual limitations period, or whether it should have been estopped from asserting the limitations period as a defense because it engaged in conduct which induced the plaintiffs to postpone bringing suit (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *Halim v State Farm Fire & Cas. Co.*, 31 AD3d at 711; *Neary v Nationwide Mut. Fire Ins. Co.*, 17 AD3d at 331; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569, 570 [1998]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.