SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**669**

**CA 11-02273**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE PETITION OF DOROTHY E.
GRAY TO DETERMINE THE VALIDITY OF ELECTION
AGAINST THE LAST WILL AND TESTAMENT OF
DONALD J. GRAY, DECEASED.                    MEMORANDUM AND ORDER
------------------------------------------
DOROTHY E. GRAY, PETITIONER-RESPONDENT;

ELSIE GARNSEY, RESPONDENT-APPELLANT.

---

HISCOCK & BARCLAY, LLP, SYRACUSE (KEVIN M. HAYDEN OF COUNSEL), FOR
RESPONDENT-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (PETER L. WALTON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from a decree of the Surrogate's Court, Jefferson County
(Peter A. Schwerzmann, S.), entered June 14, 2011. The decree granted
the petition and deemed valid the notice of election executed by
petitioner.

It is hereby ORDERED that the decree so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, the estranged wife of decedent,
commenced this proceeding, inter alia, to determine the validity of
her notice of election. Petitioner and decedent separated in the
1980s, and decedent thereafter began living with respondent, his
girlfriend, until his death in February 2008. In his will decedent
left the residuary estate to respondent, bequeathing to petitioner
only real property that he owned jointly with her. In June 2008,
approximately four months after decedent died but before letters of
administration were issued, petitioner's attorney filed a notice of
election in Surrogate's Court and served the notice upon Key Bank, the
executor named in decedent's will. Key Bank, however, renounced its
appointment as executor and returned the notice to petitioner's
attorney. The Surrogate's Court Clerk also returned the notice of
election to petitioner's attorney, explaining that an estate for
decedent had not yet been filed.

In March 2009, letters of administration were issued to the son
of petitioner and decedent, and, according to petitioner, her son
agreed to serve as executor provided that there was no dispute
concerning the distribution of assets. Petitioner failed to re-file
her notice of election with the Surrogate or to serve it upon the
executor, nor did she seek an extension of time within which to do so.

The attorney representing the estate also represented respondent, at least initially, and there is no dispute that respondent and her attorney had actual knowledge since June 2008 that petitioner sought to exercise her right of election and had filed a premature notice of election. In fact, respondent's attorney engaged in detailed and prolonged negotiations with the attorney for petitioner with respect to the amount of her elective share. They eventually agreed upon a specific amount, i.e., $398,970.62, and the attorney for respondent informed petitioner's attorney that respondent and the executor were "getting the money together." Despite assurances that the payment would be forthcoming, petitioner never received her agreed-upon elective share.

In May 2010, respondent retained a new attorney and opposed petitioner's right to an elective share on the ground that petitioner failed to file a notice of election within six months of the issuance of letters of administration and no later than two years after the date of decedent's death, as required by EPTL 5-1.1-A (d) (1). Petitioner thereafter commenced this proceeding seeking a decree determining that her notice of election was valid. In support of her petition, she submitted a detailed affidavit from her attorney, who recounted all of the dealings with respondent's former attorney, along with letters from her attorney to respondent's former attorney corroborating the assertions in his affidavit. The attorney for petitioner attributed his failure to re-file the notice of election to the "numerous and oft-repeated representations and assurances" of respondent's former attorney that payment of the agreed-upon amount of petitioner's elective share was imminent.

In opposition to the petition, respondent submitted an affidavit from her subsequently retained attorney, who lacked personal knowledge of the relevant facts. The parties thereafter agreed that the Surrogate would base his decision solely on the papers submitted, thereby waiving their right to an evidentiary hearing. The Surrogate granted the petition, concluding that respondent was equitably estopped from challenging the notice of election on timeliness grounds. We affirm.

We conclude that, although petitioner did not substantially comply with the procedural requirements of EPTL 5-1.1-A inasmuch as she failed to file her notice of election "within six months from the date of the issuance of letters . . . of administration . . . but in no event [no] later than two years after the date of decedent's death" (EPTL 5-1.1-A [d] [1]), the Surrogate properly applied the doctrine of equitable estoppel to enable petitioner to assert her right to an elective share. Petitioner submitted ample evidence demonstrating that, as a result of numerous representations from the attorney representing the estate and respondent that her elective share rights would be honored, she was "lulled . . . into sleeping on [her] rights" (*Enright v Nationwide Ins.* [appeal No. 2], 295 AD2d 980, 981). Contrary to respondent's contention, petitioner also established that the attorney with whom her attorney was negotiating represented respondent as well as the estate. Notably, respondent offered no evidence to rebut the allegations in the petition. She did not submit

an affidavit from herself or the attorney whom petitioner asserts represented her during the relevant time period, nor did she dispute any of the allegations set forth in the affidavit of petitioner's attorney.

We agree with respondent that the Surrogate erred in determining that, for the doctrine of equitable estoppel to apply, petitioner was not required to establish that respondent *intended* to lull her into inactivity (*see generally Zumpano v Quinn*, 6 NY3d 666, 674; *Philip F. v Roman Catholic Diocese of Las Vegas*, 70 AD3d 765, 766; *Murphy v Wegman's Food Mkts*., 140 AD2d 973, 974, *lv denied* 72 NY2d 808). Nevertheless, we conclude that the record supports a finding of the requisite intent on the part of respondent. Such a finding may be inferred from the sworn allegations of petitioner's attorney, which as noted are not disputed by respondent. If respondent had not intended to lull petitioner into inactivity, she could have set that forth in an affidavit. We thus conclude that the Surrogate properly granted the petition.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court