14-365-cv
Twersky v. Yeshiva Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                    *Circuit Judges.*

-----------------------------------------------------------------------
MORDECHAI TWERSKY, BARRY SINGER, JOHN DOE I–XXXII,

                    *Plaintiffs-Appellants*,


               v.                                      No. 14-365-cv


YESHIVA UNIVERSITY, MARSHA STERN TALMUDICAL ACADEMY-YESHIVA UNIVERSITY HIGH SCHOOL FOR BOYS, RABBI NORMAN LAMM, RABBI ROBERT HIRT, JAMES DOE I–XXX, various members of the Yeshiva University Board of Trustees whose names are currently unknown, JOSEPH DOE I–XXX, various members of the Yeshiva University High School Board of Directors whose names are currently unknown,

                    *Defendants-Appellees*.[*]
-----------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANTS:    KEVIN T. MULHEARN, ESQ. (J. Michael Reck, Esq., Michael Kalmus, Esq., *on the brief*), Orangeburg, New York.

APPEARING FOR APPELLEES:    KAREN Y. BITAR (Stephen A. Mendelsohn, Carmen Beauchamp Ciparick, *on the brief*), Greenberg Traurig, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 30, 2014, is AFFIRMED.

Plaintiffs, who sue under Title IX of the Education Amendments of 1972 ("Title IX"), see 20 U.S.C. § 1681 et seq., and New York law for alleged sexual abuse by teachers while plaintiffs were students at defendant Marsha Stern Talmudical Academy-Yeshiva High School for Boys ("YUHS"), now appeal from the dismissal of their suit as untimely, see Fed. R. Civ. P. 12(b)(6), and from the denial of their motion to amend. In reviewing these challenged rulings de novo, see Newdow v. Peterson, 753 F.3d 105, 107 (2d Cir. 2014); Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Time Bar

Plaintiffs contend that the district court erred in holding both their Title IX claim and their state law claims untimely. We disagree.

2

a.      Title IX Claim[1]

Private actions under Title IX are subject to a three-year statute of limitations, see Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004) (borrowing New York's personal injury limitation period), which is tolled under New York law until a plaintiff reaches 18 years of age, see N.Y. C.P.L.R. § 208.   Accrual of such claims, however, is governed by federal law.   See Guilbert v. Gardner, 480 F.3d 140, 149 (2d Cir. 2007).

A claim generally accrues "when it comes into existence," i.e., "when the plaintiff has a complete and present cause of action."   Gabelli v. S.E.C., 133 S. Ct. 1216, 1220 (2013) (internal quotation marks omitted).   An exception—the discovery accrual rule—has been applied in certain circumstances, such as where a "defendant's deceptive conduct may prevent a plaintiff from even knowing that he or she has been defrauded." Id. (emphasis in original) (internal quotation marks omitted).   Under the discovery accrual

_____

[1] In addressing timeliness, we assume without deciding that under Title IX, defendants may be liable for their alleged deliberate indifference to teachers' sexual abuse of plaintiffs, whether evidenced by administrators' inadequate response to plaintiffs' own complaints of abuse or to prior complaints of sexual assaults, which contributed to plaintiffs' injuries.   See generally 20 U.S.C. § 1681(a) (guaranteeing that "[n]o person . . . shall, on the basis of sex, . . . be subjected to discrimination" in any educational program receiving federal funds); Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998) (stating that school is liable under Title IX only if official with "authority to address the alleged discrimination and to institute corrective measures on the [school's] behalf has actual knowledge of the discrimination in the [school's] programs and fails adequately to respond").   We similarly assume that Supreme Court decisions recognizing Title IX to support a private right of action against a school for deliberate indifference to sexual abuse of students by teachers apply retroactively to plaintiffs injured before these decisions but after the law's enactment in 1972.   See, e.g., Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. at 290; Franklin v. Gwinnett Cnty. Pub. Schs., 503 U.S. 60, 76 (1992); Cannon v. Univ. of Chi., 441 U.S. 677, 717 (1979).

rule, a cause of action accrues "when, with reasonable diligence, the plaintiff has or should have discovered the critical facts of both his injury and its cause." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 140 (2d Cir. 2011) (internal quotation marks and alterations omitted); cf. Rotella v. Wood, 528 U.S. 549, 555 (2000) (stating that Supreme Court has been "at pains" to explain that under civil RICO discovery rule, "discovery of the injury, not discovery of the other elements of the claim, is what starts the clock"). Even if we were to conclude that, in pursuing their Title IX claim, plaintiffs are entitled to the benefits of the discovery accrual rule in addition to N.Y. C.P.L.R. § 208, see Koch v. Christie's Int'l PLC, 699 F.3d 141, 148 (2d Cir. 2012) (observing that discovery accrual rule generally applies when statute is silent on issue), we would have to conclude, as the district court did, that the Title IX claim is untimely.

When plaintiffs left YUHS, more than 20 years before filing this suit on July 8, 2013, they were unquestionably aware of (1) their injuries, (2) their abusers' identities, and (3) their abusers' prior and continued employment at YUHS. This information was sufficient to put them on at least inquiry notice as to the school's awareness of and indifference to the abusive conduct by its teachers. See United States v. Kubrick, 444 U.S. 111, 122 (1979) (holding that claim under Federal Tort Claims Act accrued when plaintiff possessed "critical facts that he has been hurt and who has inflicted the injury," and rejecting argument that "plaintiff's ignorance of his legal rights" deferred accrual); Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998) (instructing that claim accrues

4

under discovery rule when plaintiff discovers, or reasonably should have discovered, "enough of the critical facts of injury and causation to protect himself by seeking legal advice" (internal quotation marks omitted)); see also Stanley v. Trs. of Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006) (stating that Title IX claim accrued no later than plaintiff's unaddressed complaint of teacher's sexual harassment).

In urging otherwise, plaintiffs maintain that they could not have discovered defendants' deliberate indifference to sexual abuse before defendant Lamm's admissions in a December 2012 interview with the Jewish Daily Forward. This conclusion is belied by the fact that nine plaintiffs brought their own abuse to the attention of Lamm or other administrators. To the extent these administrators rebuffed their complaints or otherwise failed to take adequate remedial action, plaintiffs were thus aware more than three years before filing this suit of a potential claim for deliberate indifference. Further, these circumstances put plaintiffs on at least inquiry notice as to administrators' knowledge of and indifference to other abuse. See A.Q.C. ex rel. Castillo v. United States, 656 F.3d at 140.

Accordingly, we conclude that plaintiffs' Title IX claim, filed more than 20 years after the last plaintiff left YUHS, was correctly dismissed as untimely.[2]

---

[2] Even assuming that plaintiffs' Title IX claim did not accrue until 1998, when the Supreme Court recognized an implied damages action against schools for teacher abuse, see Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. at 290, plaintiffs' suit is still untimely as it was filed more than 15 years later.

b.    New York State Claims

Under New York law, a defendant bears the burden of establishing that a claim is prima facie time-barred, whereupon the burden shifts to a plaintiff to "aver evidentiary facts" supporting an exception to the statute of limitations.  Philip F. v. Roman Catholic Diocese of Las Vegas, 70 A.D.3d 765, 766, 894 N.Y.S.2d 125, 127 (2d Dep't 2010) (internal quotation marks omitted).  One such exception is equitable estoppel, which applies if a plaintiff's failure timely to file suit was due to his "reasonable reliance on deception, fraud or misrepresentations by the defendant."  Putter v. N. Shore Univ. Hosp., 7 N.Y.3d 548, 553, 825 N.Y.S.2d 435, 437 (2006).  Equitable estoppel, however, is an "extraordinary remedy," Clark v. Ravikumar, 90 A.D.3d 971, 972, 935 N.Y.S.2d 633, 635 (2d Dep't 2011), which should be invoked "sparingly and only under exceptional circumstances," In re Gross v. N.Y. City Health & Hosps. Corp., 122 A.D.2d 793, 794, 505 N.Y.S.2d 678, 679 (2d Dep't 1986); accord Townley v. Emerson Elec. Co., 269 A.D.2d 753, 753, 702 N.Y.S.2d 728, 729 (4th Dep't 2000).

Plaintiffs do not dispute that their state claims are prima facie time-barred as they accrued at the time of their abuse and were tolled only until they turned 18 years old, approximately 20 years prior to filing suit.  Nevertheless, plaintiffs assert that defendants should be equitably estopped from asserting a statute of limitations defense because their

6

fraudulent concealment of the teachers' prior abuses precluded timely suit.[3] The argument fails in light of the New York Court of Appeals's decision in Zumpano v. Quinn, 6 N.Y.3d 666, 816 N.Y.S.2d 703 (2006).[4]

As in Zumpano, plaintiffs' allegations establish that they were "aware of the sexual abuse [they] . . . suffered at the hands" of the teachers and, thus, plaintiffs "could have brought actions against [defendants], or at least investigated whether a basis for such actions existed" before the statute of limitations expired. Id. at 674 (rejecting equitable estoppel as matter of law despite claim that archdioceses "engaged in a corrupt campaign and a pattern of concealment" of priests' child abuse).

In asserting otherwise, plaintiffs argue that, after their abuse, defendants falsely described the teachers at school events and in general publications as "highly regarded," in "good standing," possessing "strong moral character," "trustworthy," and "positive role model[s]." Appellants' Br. 74. But these alleged falsehoods were neither directed at plaintiffs nor sufficiently specific so as to admit plaintiffs' reasonable reliance in failing to investigate or to file suit. See Zumpano v. Quinn, 6 N.Y.3d at 675 (rejecting equitable estoppel where plaintiffs had not alleged "any specific misrepresentation to them by

_____

[3] Plaintiffs do not argue on appeal that New York's equitable estoppel doctrine applies to their Title IX claim.

[4] Because plaintiffs have not "aver[red] evidentiary facts" that preclude defendants' assertion of a statute of limitations defense, Philip F. v. Roman Catholic Diocese of Las Vegas, 70 A.D.3d at 766, 894 N.Y.S.2d at 127, we need not decide whether claims of equitable estoppel must be pleaded with the particularity for "fraud or mistake" demanded by Fed. R. Civ. P. 9(b).

defendants" or other deceptive conduct that precluded filing suit); <u>Santo B. v. Roman Catholic Archdiocese of N.Y.</u>, 51 A.D.3d 956, 958, 861 N.Y.S.2d 674, 674 (1st Dep't 2008) (relying on <u>Zumpano</u> to reject equitable estoppel claim where plaintiffs did not allege false "specific promises or statements"); <u>cf.</u> <u>Simcuski v. Saeli</u>, 44 N.Y.2d 442, 447, 406 N.Y.S.2d 259 (1978) (identifying equitable estoppel where defendant doctor falsely told plaintiff himself that problems caused by alleged malpractice were temporary). Indeed, plaintiffs have not established how, given knowledge of their own abuse, their abusers' identities, and their abusers' prior and continued employment at YUHS, these alleged misstatements impeded their investigation or timely institution of suit.

Further, even assuming that defendants occupied an <u>in loco parentis</u> status that required disclosure of their alleged knowledge of the teachers' prior abuses, this relationship ended when plaintiffs left YUHS. Their failure to investigate or to institute suit for more than 20 years thereafter cannot support equitable estoppel. <u>See</u> <u>Zumpano v. Quinn</u>, 6 N.Y.3d at 676, 816 N.Y.S.2d at 703 (stating that, even assuming defendants owed plaintiffs fiduciary duty to disclose abuse, "conduct relied on as a basis for equitable estoppel cease[d] to be operational" when plaintiffs reached adulthood (internal quotation marks and alterations omitted)).

Accordingly, plaintiffs' challenge to the dismissal of their New York state claims fails on the merits.

2.      Motion to Amend

Equally meritless is plaintiffs' appeal from the denial of their motion to amend the complaint.  As plaintiffs conceded before the district court, the proposed amendments included only further allegations of defendants' knowledge of prior abuse, which, for reasons already explained, would not have rendered plaintiffs' claims timely.  Thus, the district court correctly concluded that amendment would have been futile.  See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (stating that motion to amend may be denied as futile where claims barred by statute of limitations).

We have considered plaintiffs' remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, Clerk of Court