Stennett-Bailey v Allstate Ins. Co. (2018 NY Slip Op 08968)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Stennett-Bailey v Allstate Ins. Co.

2018 NY Slip Op 08968

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-10737
(Index No. 15054/14)

[*1]Victoria Stennett-Bailey, appellant, 
vAllstate Insurance Company, et al., respondents.

Tarik Davis, Brooklyn, NY (Zara Watkins of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Karen M. Berberich of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated August 3, 2016. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The defendant Allstate Insurance Company (hereinafter Allstate) issued a residential fire insurance policy to the plaintiff with respect to a residential rental property in Brooklyn. The property was owned by Kensington Realty Group Corp. (hereinafter KRG). The plaintiff was the sole shareholder and president of KRG. The defendant Royal Plus Agency, Inc. (hereinafter Royal), was the plaintiff's insurance broker.
Allstate mailed to the plaintiff policy holder a first notice of cancellation, which provided that the policy would be canceled on May 27, 2008, for non-payment of the premium, unless a minimum payment or more was received before May 27, 2008, at 12:01 a.m. The policy was canceled as to the plaintiff on that date. On June 2, 2008, Allstate mailed a second notice of cancellation to the mortgagee bank, which provided an opportunity to reinstate the policy. The notice provided that the policy would be canceled just after midnight on June 20, 2008, for non-payment of the premium, unless a minimum payment or more was received before June 20, 2008, at 12:01 a.m. The plaintiff avers that she delivered the premium to Royal on June 19, 2008, and that thereafter, she was not informed that the policy had been canceled. The defendants aver that the plaintiff delivered the check to Royal on June 20, 2008, after the stated deadline, and that Royal called the plaintiff thereafter and told her that the policy had been cancelled. Allstate subsequently mailed the plaintiff a notice stating that the premium was received too late, and that the policy had been canceled. Allstate also mailed the plaintiff a check refunding the late-paid premium, which she cashed.
In October 2008, the property was damaged in a fire. Allstate declined to pay the plaintiff's claim because the policy had been canceled. In October 2014, the plaintiff commenced this action against the defendants seeking damages for breach of contract. The defendants moved, inter alia, for summary judgment dismissing the amended complaint on the grounds that the action [*2]was time-barred and that Allstate properly canceled the policy. The Supreme Court granted the defendants' motion, and the plaintiff appeals. We affirm.
The defendants established their prima facie entitlement to judgment as a matter of law by submitting the subject insurance policy and the amended complaint, which demonstrated that the plaintiff failed to timely commence the action within two years after the date of the loss (see Vaccaro v New York Cent. Mut. Fire Ins. Co., 116 AD3d 839; Snyder v Allstate Ins. Co., 70 AD3d 670; Halim v State Farm Fire & Cas. Co., 31 AD3d 710; Schachter v Royal Ins. Co. of Am., 21 AD3d 1024). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's assertion, the six-year statute of limitations that governs contract cases was not controlling here, as the subject insurance policy contained a specific provision which reduced the statute of limitations time period (see 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co., 63 NY2d 227, 230-231).
The defendants also established their prima facie entitlement to judgment as a matter of law by submitting evidence which demonstrated that the plaintiff was notified that the policy would be canceled if the premium was not paid before June 20, 2008 (see Matsil v Utica First Ins. Co., 150 AD3d 982; American Express Bank, FSB v Scali, 142 AD3d 517; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680), and that she paid the premium on June 20, 2008, after the deadline had passed. In opposition, the plaintiff failed to raise a triable issue of fact. Her sworn statement that she did not receive the notices sent to her by Allstate regarding the policy and its cancellation is contradicted by her admission that she received and cashed the refund check that Allstate sent to her for the late-paid premium. Likewise, the plaintiff's sworn statement that she delivered the premium to Royal on June 19, 2008, is contradicted by the plaintiff's check itself, which bears the date June 20, 2008. Accordingly, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact precluding summary judgment (see Davis v Incorporated Vil. of Babylon, N.Y., 13 AD3d 331; see also James v Crystal Springs Water, 164 AD3d 660).
The defendants' remaining contention need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the amended complaint.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court