21st Mtge. Corp. v Balliraj (2019 NY Slip Op 08167)





21st Mtge. Corp. v Balliraj


2019 NY Slip Op 08167


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-00696
 (Index No. 30744/15)

[*1]21st Mortgage Corporation, etc., appellant,
v
Ramjit Balliraj, et al., respondents, et al., defendants.


Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY (Thomas E. Mercure, Michael J. Catalfimo, and Courtney E. Green of counsel), for appellant.
Daniel E. Bertolino, P.C., Upper Nyack, NY (Jonathan B. Schloss of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated November 7, 2016. The order granted the motion of the defendants Ramjit Balliraj and Nirmala Balliraj pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In February 2015, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Pearl River. The defendants Ramjit Balliraj and Nirmala Balliraj (hereinafter together the defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground, among others, that the action was time-barred. The plaintiff opposed the motion. In an order dated November 7, 2016, the Supreme Court granted the defendants' motion to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred. The plaintiff appeals.
"A defendant who seeks dismissal of a complaint pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 405; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 36; Minskoff Grant Realty & Mgt. Corp. v 211 Mgr. Corp., 71 AD3d 843, 845). "The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203[a]). Accordingly, "[t]o meet [his or her] burden, a defendant must establish when the causes of action accrued" (Philip F. v Roman Catholic Diocese of Las Vegas, 70 AD3d 765, 766; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 36; Swift v New York Med. Coll., 25 AD3d 686, 687).
"As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding . . . the action" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the [*2]statute of limitations begins to run, on the date each installment becomes due" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754).
Where a mortgage is payable in installments, the note and mortgage may contain an acceleration provision that gives the lender "the option to demand due the entire balance of principal and interest upon the occurrence of certain events delineated in the mortgage" (1 Bergman on New York Mortgage Foreclosures § 4.02; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983). Where the terms of the note and mortgage provide that "the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 37; Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340; see also 1 Bergman on New York Mortgage Foreclosures §§ 4.05, 5.11[2]; cf. Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 142-144).
The acceleration of a mortgage debt may occur when the holder of the note "commences an action to foreclose upon [the] note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152). Once the holder of the note and mortgage has exercised its contractual option to accelerate the mortgage debt in accordance with the terms of the note and mortgage, "the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 37-38; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). However, "[w]here . . . the prior action [was] dismissed on the ground that the plaintiff lacked standing, the purported acceleration is a nullity, and the statute of limitations does not begin to run at the time of the purported acceleration" (U.S. Bank N.A. v Auguste, 173 AD3d 930, 932; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
Here, the defendants demonstrated that the plaintiff's predecessor in interest validly elected to accelerate the mortgage debt in 2006 by commencing a prior foreclosure action against them in which the predecessor in interest sought payment of the full balance due (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; U.S. Bank N.A. v Martin, 144 AD3d 891, 892). Since the defendants demonstrated, as a matter of law, that the acceleration of the mortgage debt occurred more than six years prior to the commencement of the present action, the defendants sustained their initial burden of demonstrating, prima facie, that the action was untimely. In opposition, the plaintiff failed to raise a question of fact.
The plaintiff's remaining contention is not properly before this Court and, in any event, without merit (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d at 39-40).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court